IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Alongis, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>Arby's Restaurant Group, Inc.,<br><br>        Defendant. | Case No.: 23-cv-6593<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Joseph Alongis, by and through his undersigned counsel, upon personal knowledge as to himself and upon information and belief as to all other matters, allege as follows:

1. Plaintiff brings this action against defendant Arby's Restaurant Group, Inc. ("Arby's"), on behalf of himself and all other similarly situated individuals who purchased an Arby's Classic Roast Beef, Double Roast Beef, Half Pound Roast Beef, Classic Beef 'N Cheddar, Double Beef 'N Cheddar, Half Pound Beef 'N Cheddar, and/or Smokehouse Brisket menu item (the "Overstated Menu Items"), from an Arby's located in New York during the period September 5, 2020, through the date of the final disposition of this action.

## FACTUAL ALLEGATIONS

2. This is a class action against Arby's for unfair and deceptive trade practices for selling the Overstated Menu Items based on materially false and misleading advertisements concerning the amount and quality of meat contained therein.

1

3.  Arby's uses photographs in its advertisements that make it appear that the Overstated Menu Items contain approximately 100% more meat than what the actual sandwiches that customers receive contain.

4.  Arby's does this by placing all of the meat in a sandwich used for a photoshoot to the front of the sandwich and positioning the meat with props so that it appears much larger in size than the actual sandwich provided to customers.

5.  Arby's also deceptively misrepresents the quality of the roast beef in its advertisements for the Overstated Menu Items in that it shows the meat as rare roast beef in its advertisements when the roast beef regularly served to customers is not rare roast beef.

6.  For example, Arby's advertisement for the Classic Roast Beef sandwich looks as follows when compared to the actual item provided to customers[1]:

**Classic Roast Beef Advertisement**          **Actual Classic Roast Beef Received**

 

---

[1] The current advertisement for the Classic Roast Beef sandwich can be located at https://www.arbys.com/menu/online-only/roast-beef/, and the screenshot of the actual Classic Roast Beef sandwich received by a customer can be located at https://youtu.be/osS-ojaa0Jk?t=100.

7. Arby's advertisement for the Classic Beef 'N Cheddar looks as follows when compared to the actual item provided to customers[2]:

**Classic Beef 'N Cheddar Advertisement**          **Actual Classic Beef 'N Cheddar Received**



8. Arby's advertisement for the Double Beef 'N Cheddar looks as follows when compared to the actual item provided to customers[3]:

**Double Beef 'N Cheddar Advertisement**          **Actual Double Beef 'N Cheddar Received**



---

[2] The advertisement for the Classic Beef 'N Cheddar sandwich can be located at https://www.arbys.com/menu/roast-beef/classic-beef-n-cheddar/, and the screenshot of the actual Classic Beef 'N Cheddar received by a customer can be located at https://youtu.be/tLx9Tqt7JnU?t=42.

[3] The advertisement for the Double Beef 'N Cheddar can be located at https://www.arbys.com/menu/roast-beef/double-beef-n-cheddar/, and the photograph of the Actual Double Beef 'N Cheddar Received is a photograph taken by Plaintiff of the Double Beef 'N Cheddar he received.

9. Arby's advertisement for the Half Pound Beef 'N Cheddar looks as follows when compared to the actual item provided to customers[4]:

**Half Pound Beef 'N Cheddar Advertisement**     **Actual Half Pound Beef 'N Cheddar Received**

 

10. Arby's advertisement for the Smokehouse Brisket looks as follows when compared to the actual item provided to customers[5]:

**Smokehouse Brisket Advertisment**     **Actual Smokehouse Brisket Received**

 

---

[4] The advertisement for the Half Pound Beef 'N Cheddar can be located at https://www.arbys.com/menu/roast-beef/half-pound-beef-n-cheddar/, and the screenshot of the actual Half Pound Beef 'N Cheddar received by a customer can be located at https://www.youtube.com/shorts/N9mVuVETF4s.

[5] The advertisement for the Smokehouse Brisket can be located at https://www.arbys.com/menu/roast-beef/smokehouse-brisket/, and the photograph of the Actual Smokehouse Brisket Received is a photograph taken by Plaintiff of the Smokehouse Brisket he received.

11. Arby's materially overstates the amount of meat in its advertisements for the Overstated Menu Items by approximately double the amount.

12. Arby's uses the same uniform photographs pictured above on Arby's in-store and drive-thru menu ordering boards, on the website Arbys.com, and on food delivery service websites and mobile ordering applications, including Ubereats.com, Grubhub.com, Seamless.com, and Doordash.com.

13. Arby's advertisements for the Overstated Menu Items are unfair and financially damaging to consumers as they are receiving a product that is materially lower in value than what is being represented.

14. Arby's actions are especially concerning now that inflation, food, and meat prices are very high and many consumers, especially lower income consumers, are struggling financially.

15. Arby's promise to consumers of a large portion of food with their purchase is also causing consumers to come to, or order from, Arby's restaurants and make purchases that they would not have otherwise made.

16. Arby's is also unfairly competing with restaurants that more fairly advertise the size of their menu items.

17. Arby's advertises larger portions of food to steer consumers to its restaurants for their meals and away from competitors that more fairly advertise the size of their menu items, unfairly diverting millions of dollars in sales that would have gone to competitors.

18. On August 3, 2023, Plaintiff purchased a Double Beef 'N Cheddar at an Arby's store located in Bellmore, New York, for $7.69 plus tax.

19. During that same visit to Arby's, on August 3, 2023, Plaintiff also purchased a Smokehouse Brisket sandwich for $7.39 plus tax.

20. Plaintiff viewed Arby's menu ordering boards at the store location before purchasing his Double Beef 'N Cheddar and Smokehouse Brisket sandwiches and expected said sandwiches to contain a similar amount of meat as contained in the pictures of the Double Beef 'N Cheddar and Smokehouse Brisket sandwiches in Arby's menu ordering boards.

21. However, the Double Beef 'N Cheddar and Smokehouse Brisket sandwiches that Plaintiff purchased contained approximately half of the meat that he expected.

22. Plaintiff also expected that the color of the roast beef in his Double Beef 'N Cheddar sandwich would be similar to the color in Arby's menu ordering board, but it contained no rare roast beef at all.

23. If Plaintiff knew that the Double Beef 'N Cheddar and Smokehouse Brisket sandwiches contained half of the amount of meat as advertised or was not rare roast beef, he would not have purchased said sandwiches and/or he would not have paid the price that he paid.

24. Plaintiff, on behalf of himself and all others similarly-situated, seek to end Arby's unfair and materially misleading advertising and request the following: 1) monetary damages fully compensating all individuals who purchased an Overstated Menu Item; 2) injunctive relief requiring Arby's to provide corrected advertising and/or to stop selling the Overstated Menu Items; and 3) such other relief as the Court deems necessary and appropriate.

## THE PARTIES

25. Plaintiff Joseph Alongis is a resident of New York. During the Class Period (defined below), Mr. Alongis purchased an Overstated Menu Item at an Arby's store located in Bellmore, New York, within the Court's district.

26. Defendant Arby's Restaurant Group, Inc., is a Delaware corporation, with its headquarters located in Atlanta, Georgia. Arby's conducts business, directly or indirectly, in New York, under the name Arby's.

## JURISDICTION AND VENUE

27. This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of the State of New York and Defendant Arby's is a citizen of the State of Delaware and is headquartered with its principal place of business in the state of Georgia. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100.

28. In addition, this Court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. C. § 1332(a) because the matter in controversy, which includes Plaintiff's claims and the claims of the proposed class members, exceeds the sum or value of $75,000, exclusive of interest and costs, and certain members of the proposed class are citizens of states different from the states in which Defendant is a citizen.

29. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Also, Defendant has used the laws within, and has done substantial business in, this judicial district in that it has promoted, marketed, distributed, and sold the products at issue in this judicial district. Finally, there is personal jurisdiction over Defendant in this judicial district.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of the following class:

> All persons or entities that purchased a Classic Roast Beef, Double Roast Beef, Half Pound Roast Beef, Classic Beef 'N Cheddar, Double Beef 'N Cheddar, Half Pound Beef 'N Cheddar, and/or Smokehouse Brisket menu item from an Arby's, located in the state of New York, during the period between September 5, 2020, through the date of the final disposition of this action (the "Class").

31. Plaintiff reserves the right to amend the definition of the Class if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

32. Plaintiff reserves the right to establish additional sub-classes as appropriate.

33. This action is brought and properly may be maintained as a class action under the provisions of Federal Rules of Civil Procedure 23(a)(l)-(4) and 23(b)(2) and (b)(3), and satisfies the requirements thereof.

34. There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

35. The members of the Class are so numerous that joinder of all members of the Class is impracticable. At this time, Plaintiff believes that the Class includes thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(l), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

36. Plaintiff's claims are typical of the claims of the members of the Class whom he seeks to represent because Plaintiff and each member of the Class has been subjected to the same deceptive and improper practices by Defendant and have been damaged in the same manner.

37. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff has

no interests that are adverse to those of the members of the Class that he seeks to represent. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

38. A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

  a. The expense and burden of individual litigation would not be economically feasible for members of the Class to seek to redress their claims other than through the procedure of a class action.

  b. If separate actions were brought by individual members of the Class, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

  c. Absent a class action, Defendant likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

39. Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions that affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

40. The common questions of fact include, but are not limited to, the following:

  d. Whether Defendant's advertisements are materially misleading;

  e. Whether Defendant engaged in unlawful, unfair, misleading, or deceptive business acts or practices;

9

  f. Whether a reasonable consumer could be misled by Defendant's advertisements;

  g. Whether Defendant's advertisements violate N.Y. Gen. Bus. Law § 350;

  h. Whether Plaintiff and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

 41. In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to members of the Class on a mandatory, class-wide basis.

 42. Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

**<u>COUNT I</u>**
**Violation of New York Deceptive Acts and Practices Act,**
**N.Y. Gen. Bus. Law § 349**

 43. Plaintiff incorporates by reference the allegations in every paragraph in this complaint.

 44. New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

 45. The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the members of the Class seek monetary damages and the entry of preliminary and permanent injunctive relief

against Defendant, enjoining it from inaccurately describing, labeling, marketing, and promoting the Overstated Menu Items.

46. Defendant misleadingly, inaccurately, and deceptively presents the Overstated Menu Items to consumers.

47. Defendant's improper consumer-oriented conduct is misleading in a material way in that it, *inter alia*, induced Plaintiff and the members of the Class to purchase and/or pay a premium for Defendant's Overstated Menu Items when they otherwise would not have. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

48. Plaintiff and the members of the Class have been injured inasmuch as they received approximately 50% less than the amount of meat that was advertised.

49. In addition, Plaintiff and the members of the Class did not receive the rare roast beef as advertised.

50. Accordingly, Plaintiff and the members of the Class received less than what they bargained and/or paid for.

51. Plaintiff and the members of the Class suffered damages amounting to, at a minimum, the price that Arby's charges consumers for double the meat, the exact amount to be determined at trial.

52. Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the members of the Class have been damaged thereby.

53. As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and the members of the Class are entitled to monetary, compensatory, statutory, and treble

damages, interest, and attorneys' fees and costs. This includes actual damages under GBL § 349, as well as statutory damages of $50 per unit purchased pursuant to GBL § 349.

## COUNT II
### Violation of New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 350

54. Plaintiff incorporates by reference the allegations in every paragraph in this complaint.

55. N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.

56. Defendant's advertisements contain untrue and materially misleading statements concerning the amount of meat contained in the Overstated Menu Items.

57. Defendant's advertising induced Plaintiff and the members of the Class to buy Defendant's menu items.

58. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

59. Defendant's conduct constitutes multiple, separate violations of N.Y. Gen. Bus. Law § 350.

60. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the

Overstated Menu Items were and continue to be exposed to Defendant's material misrepresentations.

61. Plaintiff and the members of the Class have been injured inasmuch as they received approximately 50% less than the amount of meat that was advertised. In addition, Plaintiff and the members of the Class were damaged as they did not receive the rare roast beef as advertised. Accordingly, Plaintiff and the members of the Class received less than what they bargained and/or paid for.

62. Plaintiff and the members of the Class suffered damages amounting to, at a minimum, the price that Arby's charges consumers for double the meat, the exact amount to be determined at trial.

63. As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and the members of the Class are entitled to monetary, compensatory, statutory, and treble damages, interest, and attorneys' fees and costs, as well as statutory damages of $500 per unit purchased.

## COUNT III
### Breach of Contract

64. Plaintiff incorporates by reference the allegations in every paragraph of this complaint.

65. Defendant, through its advertising in store and online, offered Overstated Menu Items based on the materially false and misleading advertisements described above.

66. Plaintiff and numerous other customers purchased said Overstated Menu Items based on Defendant's representations.

67. Defendant breached its sales contracts with Plaintiff and similarly situated customers who purchased an Overstated Menu Item.

68. Defendant failed to disclose that the Overstated Menu Items were materially smaller than the sandwiches in its advertisements and did not contain the rare roast beef as advertised.

69. As a result of Defendant's breach of contract, Plaintiff and similar purchasers of an Overstated Menu Item suffered damages, the exact amount to be determined at trial.

## COUNT IV
## Unjust Enrichment

70. Plaintiffs incorporate by reference the allegations in every paragraph of this complaint.

71. By its wrongful acts and omissions, Defendant has been unjustly enriched at the expense of Plaintiff and members of the Class, and thus Plaintiffs and members of the Class were unjustly deprived of time and value of money provided to Defendant.

72. It would be inequitable and unconscionable for Defendant to retain the profit, benefit, and other compensation it obtained from the deceptive, misleading, unfair and unlawful conduct alleged herein.

73. Plaintiffs and members of the Class seek restitution from Defendant and seek an order of this Court disgorging all profits, benefits, and other compensation obtained by Defendant from its wrongful conduct.

## RELIEF REQUESTED

74. Accordingly, Plaintiff, on behalf of himself and the members of the Class, seek judgment as follows:

A. Certifying the Class as requested herein, certifying Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as counsel for the Class;

B. Ordering that Defendant is financially responsible for notifying all members of the Class of the alleged misrepresentations and omissions set forth herein;

C. Awarding Plaintiff and the members of the Class statutory damages or compensatory damages in an amount according to proof at trial;

D. Awarding declaratory and injunctive relief, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful or unlawful;

E. Ordering Defendant to stop selling Overstated Menu Items or to correct the deceptive behavior;

F. Awarding interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

G. Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

H. Directing such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury as to all matters so triable.

Dated: September 5, 2023

*James Kelly*
The Law Office of James C. Kelly
244 5th Avenue, Suite K-278
New York, New York 10001
T: 212-920-5042
E: jkelly@jckellylaw.com

                                          Anthony J. Russo, Jr., P.A.
                                        d/b/a The Russo Firm
                                        301 West Atlantic Avenue, Suite 0-2
                                        Delray Beach, FL 33444
                                        T: 844-847-8300
                                        E: anthony@therussofirm.com

                                        *Counsel for plaintiff*
                                        *and the proposed class*