IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Alongis, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Arby's Restaurant Group, Inc.,<br><br>　　　　　　　　　　Defendant. | Case No.: 2:23-cv-06593-NJC-LGD<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Joseph Alongis, by and through his undersigned counsel, upon personal knowledge as to himself and upon information and belief as to all other matters, allege as follows:

1. Plaintiff brings this action against defendant Arby's Restaurant Group, Inc. ("Arby's"), on behalf of himself and all other similarly situated individuals who purchased an Arby's Classic Roast Beef, Double Roast Beef, Half Pound Roast Beef, Classic Beef 'N Cheddar, Double Beef 'N Cheddar, Half Pound Beef 'N Cheddar, and/or Smokehouse Brisket menu item (the "Overstated Menu Items"), from an Arby's located in New York during the period September 5, 2020, through the date of the final disposition of this action.

**FACTUAL ALLEGATIONS**

2. This is a class action against Arby's for unfair and deceptive trade practices for selling the Overstated Menu Items based on materially false and misleading advertisements concerning the amount and quality of meat contained therein.

3. Arby's uses photographs in its advertisements that make it appear that the Overstated Menu Items contain at least 100% more meat than what the actual sandwiches that customers receive contain.

4. Arby's also deceptively misrepresents the quality of the roast beef in its advertisements for the Overstated Menu Items in that it shows the meat as rare roast beef in its advertisements when the roast beef regularly served to customers is not the rare roast beef as advertised but fully cooked roast beef, which is of less value.

5. For example, Arby's advertisement for the Classic Roast Beef sandwich looks as follows when compared to the actual item provided to customers[1]:

**Classic Roast Beef Advertisement**           **Actual Classic Roast Beef Received**




---

[1] The current advertisement for the Classic Roast Beef sandwich can be located at https://www.arbys.com/menu/roast-beef/roast-beef/, and the screenshot of the actual Classic Roast Beef sandwich received by a customer can be located at https://youtu.be/osS-ojaa0Jk?t=100.

6. Arby's advertisement for the Classic Beef 'N Cheddar looks as follows when compared to the actual item provided to customers[2]:

**Classic Beef 'N Cheddar Advertisement**       **Actual Classic Beef 'N Cheddar Received**




7. Arby's advertisement for the Double Beef 'N Cheddar looks as follows when compared to the actual item provided to customers[3]:

**Double Beef 'N Cheddar Advertisement**       **Actual Double Beef 'N Cheddar Received**




---

[2] The advertisement for the Classic Beef 'N Cheddar sandwich can be located at https://www.arbys.com/menu/roast-beef/classic-beef-n-cheddar/, and the screenshot of the actual Classic Beef 'N Cheddar received by a customer can be located at https://youtu.be/tLx9Tqt7JnU?t=42.

[3] The advertisement for the Double Beef 'N Cheddar can be located at https://www.arbys.com/menu/roast-beef/double-beef-n-cheddar/, and the photograph of the Actual Double Beef 'N Cheddar Received is a photograph taken by Plaintiff of the Double Beef 'N Cheddar he received.

8. Arby's advertisement for the Half Pound Beef 'N Cheddar looks as follows when compared to the actual item provided to customers[4]:

**Half Pound Beef 'N Cheddar Advertisement**   **Actual Half Pound Beef 'N Cheddar Received**




9. Arby's advertisement for the Smokehouse Brisket looks as follows when compared to the actual item provided to customers[5]:

**Smokehouse Brisket Advertisement**   **Actual Smokehouse Brisket Received**




---

[4] The advertisement for the Half Pound Beef 'N Cheddar can be located at https://www.arbys.com/menu/roast-beef/half-pound-beef-n-cheddar/, and the screenshot of the actual Half Pound Beef 'N Cheddar received by a customer can be located at https://www.youtube.com/shorts/N9mVuVETF4s.

[5] The advertisement for the Smokehouse Brisket can be located at https://www.arbys.com/menu/roast-beef/smokehouse-brisket/, and the photograph of the Actual Smokehouse Brisket Received is a photograph taken by Plaintiff of the Smokehouse Brisket he received.

10. Arby's materially overstates the amount of meat in its advertisements for the Overstated Menu Items by at least double the amount.

11. Arby's advertisements for the Overstated Menu Items are unfair and financially damaging to consumers as they are receiving a product that is materially lower in value than what is being represented.

12. Arby's actions are especially concerning now that inflation, food, and meat prices are very high and many consumers, especially lower income consumers, are struggling financially.

13. Arby's promise to consumers of a large portion of food with their purchase is also causing consumers to come to, or order from, Arby's restaurants and make purchases that they would not have otherwise made.

14. Arby's advertisements are also causing consumers to take the time and expense to drive to and from Arby's and/or pay pickup and/or delivery fees.

15. Arby's is also unfairly competing with restaurants that more fairly advertise the size of their menu items.

16. Arby's advertises larger portions of food to steer consumers to its restaurants for their meals and away from competitors that more fairly advertise the size of their menu items, unfairly diverting sales that would have gone to competitors.

17. In a statement to NewsBreak after this lawsuit was filed, Arby's spokesperson stated that "[i]t is important to note that promotional images are stylized for visual appeal and may not depict the exact portion size…[and that]…Arby' s assures customers that they are continuously

working to improve the transparency of their marketing materials."[6] However, Arby's fails to adequately notify consumers that its promotional images may not depict exact portion size.

## PLAINTIFF'S ALLEGATIONS

18. On August 3, 2023, Plaintiff purchased a Double Beef 'N Cheddar at an Arby's store located in Bellmore, New York, for $7.69 plus tax.

19. During that same visit to Arby's, on August 3, 2023, Plaintiff also purchased a Smokehouse Brisket sandwich for $7.39 plus tax.

20. Plaintiff viewed the photographs for Arby's Double Beef 'N Cheddar and Smokehouse Brisket sandwiches from the menu ordering board on Arby's website and relied on said photographs in choosing to drive to Arby's and purchase said sandwiches.

21. When Plaintiff arrived at the Arby's store location, he walked into the store and there were large prominent and explicit photographs of the Beef 'N Cheddar and Smokehouse Brisket sandwiches displayed on Arby's menu ordering board behind the cash register.

22. Plaintiff viewed and relied on said photographs of the Beef 'N Cheddar and Smokehouse Brisket sandwiches on the instore menu ordering board prior to the time that he placed his order.

23. Plaintiff expected that the Double Beef 'N Cheddar that he ordered would contain approximately double the amount beef as contained in the photograph for the Beef 'N Cheddar sandwich on the in-store menu ordering board.

---

[6] *See* Dicle Belul, Arby's Sued Over Meat Quality, NEWSBREAK, September 16, 2023, https://original.newsbreak.com/@dicle-belul-1599662/3159771531861-arby-s-sued-over-meat-quality.

24. Plaintiff expected that the Smokehouse Brisket sandwich that he ordered would contain a similar amount of meat as contained in the photograph for the Smokehouse Brisket sandwich on the in-store menu ordering board.

25. However, the Double Beef 'N Cheddar and Smokehouse Brisket sandwiches that Plaintiff purchased contained less than half of the amount of meat than he expected.

26. Plaintiff also expected that the color of the roast beef in his Double Beef 'N Cheddar sandwich would be similar to the color of the meat contained in the photograph of the Double Beef 'N Cheddar sandwich from the menu ordering board on Arby's website and the photograph of the Beef 'N Cheddar sandwich on Arby's in-store menu ordering board. However, the Double Beef 'N Cheddar sandwich he purchased did not contain any rare roast beef at all. The roast beef contained in his Double Beef 'N Cheddar sandwich was fully cooked roast beef, which is materially lower in value than rare roast beef.

27. If Plaintiff knew that the Double Beef 'N Cheddar and Smokehouse Brisket sandwiches contained less than half of the amount of meat as advertised, he would not have purchased said sandwiches and/or he would not have paid the price that he paid.

28. In addition, if Plaintiff knew that the Double Beef 'N Cheddar sandwich that he purchased would not contain any rare roast beef, he would not have purchased said sandwich and/or he would not have paid the price that he paid.

## THE PARTIES

29. Plaintiff Joseph Alongis is a resident of New York. During the Class Period (defined below), Mr. Alongis purchased an Overstated Menu Item at an Arby's store located in Bellmore, New York, within the Court's district.

7

30.     Defendant Arby's Restaurant Group, Inc., is a Delaware corporation, with its headquarters located in Atlanta, Georgia. Arby's conducts business, directly or indirectly, in New York, under the name Arby's.

## JURISDICTION AND VENUE

31.     This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of the State of New York and Defendant Arby's is a citizen of the State of Delaware and is headquartered with its principal place of business in the state of Georgia. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100.

32.     In addition, this Court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(a) because the matter in controversy, which includes Plaintiff's claims and the claims of the proposed class members, exceeds the sum or value of $75,000, exclusive of interest and costs, and certain members of the proposed class are citizens of states different from the states in which Defendant is a citizen.

33.     Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Also, Defendant has used the laws within, and has done substantial business in, this judicial district in that it has promoted, marketed, distributed, and sold the products at issue in this judicial district. Finally, there is personal jurisdiction over Defendant in this judicial district.

**CLASS ACTION ALLEGATIONS**

34. Every customer that purchases an Overstated Menu Item at Arby's, whether at the store location or on the internet, is presented with the materially misstated advertisements described herein.

35. With respect to customers that make a purchase at an Arby's store location, the same photographs cited herein, from Arby's website, for the Classic Roast Beef, Classic Beef 'N Cheddar, and/or Double Beef 'N Cheddar, are prominently and explicitly displayed on the menu ordering boards located within the store and in the drive-through at every Arby's store location in New York. Said photographs are large and prominently and explicitly displayed in the store and drive-through so that every customer will view said photographs prior to the time of the purchase.

36. Further, with respect to customers that make a purchase at an Arby's store location, the same photograph cited herein, from Arby's website, for the Smokehouse Brisket sandwich are prominently and explicitly displayed on the menu ordering boards located within the store and in the drive-through at every Arby's store location in New York. Said photographs are large and prominently and explicitly displayed in the store and drive-through so that every customer will view said photographs prior to the time of the purchase.

37. With respect to customers that make a purchase through Ubereats.com, Grubhub.com, Seamless.com, and Doordash.com, the same photographs cited herein, from Arby's website, for each of the Overstated Menu Items, are prominently and explicitly displayed on said food delivery service websites and mobile ordering applications, such that a consumer cannot make a purchase without viewing said photographs prior to purchase.

38. Accordingly, Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of the following class:

9

> All persons or entities that purchased a Classic Roast Beef, Double Roast Beef, Half Pound Roast Beef, Classic Beef 'N Cheddar, Double Beef 'N Cheddar, Half Pound Beef 'N Cheddar, and/or Smokehouse Brisket menu item from the website or mobile application for Arbys.com, Ubereats.com, Grubhub.com, Seamless.com, and/or Doordash.com, for pickup or delivery from an Arby's store located in the state of New York, during the period between September 5, 2020, through the date of the final disposition of this action (the "Class").

39. Plaintiff also brings this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of the following subclass:

> All persons or entities that purchased a Classic Roast Beef, Double Roast Beef, Half Pound Roast Beef, Classic Beef 'N Cheddar, Double Beef 'N Cheddar, Half Pound Beef 'N Cheddar, and/or Smokehouse Brisket menu item from inside or through the drive-through of an Arby's store, located in the state of New York, during the period between September 5, 2020, through the date of the final disposition of this action (the "Subclass").

40. Plaintiff reserves the right to amend the definition of the Class or Subclass if discovery and further investigation reveals that the Class or Subclass should be expanded or otherwise modified.

41. Plaintiff reserves the right to establish additional subclasses as appropriate.

42. This action is brought and properly may be maintained as a class action under the provisions of Federal Rules of Civil Procedure 23(a)(l)-(4) and 23(b)(2) and (b)(3), and satisfies the requirements thereof.

43. There is a well-defined community of interest among members of the Class and Subclass, and the disposition of the claims of these members of the Class and Subclass in a single action will provide substantial benefits to all parties and to the Court.

44. The members of the Class and Subclass are so numerous that joinder of all members of the Class and Subclass is impracticable. At this time, Plaintiff believes that the Class and Subclass includes thousands of members. Therefore, the Class and Subclass is sufficiently numerous that joinder of all members of the Class and Subclass in a single action is impracticable

10

under Federal Rule of Civil Procedure Rule 23(a)(l), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

45. Plaintiff's claims are typical of the claims of the members of the Class and Subclass whom he seeks to represent because Plaintiff and each member of the Class and Subclass has been subjected to the same deceptive and improper practices by Defendant and have been damaged in the same manner.

46. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and Subclass as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff has no interests that are adverse to those of the members of the Class or Subclass that he seeks to represent. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

47. A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

    a. The expense and burden of individual litigation would not be economically feasible for members of the Class and Subclass to seek to redress their claims other than through the procedure of a class action.

    b. If separate actions were brought by individual members of the Class and Subclass, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

    c. Absent a class action, Defendant likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

48. Common questions of law and fact exist as to the members of the Class and Subclass, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions that affect individual members of the Class and Subclass within the meaning of Federal Rule of Civil Procedure 23(b)(3).

49. The common questions of fact include, but are not limited to, the following:

   d. Whether Defendant's advertisements are materially misleading;

   e. Whether Defendant engaged in unlawful, unfair, misleading, or deceptive business acts or practices;

   f. Whether a reasonable consumer could be misled by Defendant's advertisements;

   g. Whether Defendant's advertisements violate N.Y. Gen. Bus. Law § 350;

   h. Whether Plaintiff and members of the Class and Subclass are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

50. In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class and Subclass as a whole and necessitating that any such relief be extended to members of the Class and Subclass on a mandatory, class-wide basis.

51. Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT I
### Violation of New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349

52. Plaintiff incorporates by reference the allegations in every paragraph in this complaint.

53. New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . . ."

54. The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the members of the Class seek monetary damages.

55. Defendant misleadingly, inaccurately, and deceptively presents the Overstated Menu Items to consumers.

56. Defendant's advertisements represent to consumers that the Overstated Menu Items contain, at a minimum, 100% more meat than contained in the actual menu item customers receive and that Arby's roast beef sandwiches contain rare roast beef.

57. Defendant's improper consumer-oriented conduct is misleading in a material way in that it, *inter alia*, induced Plaintiff and the members of the Class and Subclass to purchase and/or pay a premium for Defendant's Overstated Menu Items when they otherwise would not have.

58. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

59. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, Plaintiff and all of members of the

Class and Subclass that purchased the Overstated Menu Items were exposed to Defendant's material misrepresentations.

60. Plaintiffs and the members of the Class and Subclass viewed and relied on the materially misleading photographs of the Overstated Menu Items, cited herein, on Arby's menu ordering boards, whether they made their purchases online, instore, or through Arby's drive-through.

61. Plaintiff and the members of the Class and Subclass expected that the Overstated Menu Items that they purchased would contain a similar amount of meat as advertised and/or the rare roast beef as advertised.

62. Plaintiff and the members of the Class and Subclass have been injured inasmuch as they received, at a minimum, half of the amount of meat that was advertised.

63. In addition, Plaintiff and the members of the Class and Subclass did not receive the rare roast beef as advertised.

64. Accordingly, Plaintiff and the members of the Class and Subclass received less than what they bargained and/or paid for.

65. Plaintiff and the members of the Class and Subclass suffered damages amounting to, at a minimum, the price that Arby's charges consumers for double the meat, the exact amount to be determined at trial.

66. Plaintiff and the members of the Class and Subclass also incurred monetary damages for the cost of traveling to, and from, the Arby's locations where they made their purchases, and/or for the payment of tips and/or fees for delivery and/or pickup services.

67. Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the members of the Class and Subclass have been damaged thereby.

68. As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and the members of the Class and Subclass are entitled to monetary, compensatory, and statutory damages, interest, and attorneys' fees and costs. This includes actual damages under GBL § 349, as well as statutory damages of $50 per unit purchased pursuant to GBL § 349.

## COUNT II
### Violation of New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 350

69. Plaintiff incorporates by reference the allegations in every paragraph in this complaint.

70. N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.

71. Defendant's advertisements contain untrue and materially misleading statements.

72. Defendant's advertisements represent to consumers that the Overstated Menu Items contain, at a minimum, 100% more meat than contained in the actual menu item customers receive and that Arby's roast beef sandwiches contain rare roast beef.

15

73. Defendant's advertisements are misleading in a material way in that they, *inter alia*, induced Plaintiff and the members of the Class and Subclass to purchase and/or pay a premium for Defendant's Overstated Menu Items when they otherwise would not have.

74. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

75. Although Defendant claims that the alleged materially misleading photographs were not meant to depict the size of the sandwhiches that customers actually receive, Defendant "fails to reveal" this material fact to consumers prior to the time of purchase.

76. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, Plaintiff, and all of members of the Class and Subclass that purchased the Overstated Menu Items, were exposed to Defendant's material misrepresentations.

77. Plaintiffs and the members of the Class and Subclass viewed and relied on the materially misleading photographs of the Overstated Menu Items, cited herein, on Arby's menu ordering boards, whether they made their purchases online, instore, or through Arby's drive-through.

78. Plaintiffs and the members of the Class and Subclass expected that the Overstated Menu Items that they purchased would contain a similar amount of meat as advertised and/or the rare roast beef as advertised.

79. Plaintiff and the members of the Class and Subclass have been injured inasmuch as they received, at a minimum, half of the amount of meat that was advertised.

80. In addition, Plaintiff and the members of the Class and Subclass did not receive the rare roast beef as advertised.

81. Accordingly, Plaintiff and the members of the Class and Subclass received less than what they bargained and/or paid for.

82. Plaintiff and the members of the Class suffered damages amounting to, at a minimum, the price that Arby's charges consumers for double the meat, the exact amount to be determined at trial.

83. Plaintiff and the members of the Class and Subclass also incurred monetary damages for the cost of traveling to and from the Arby's locations where they made their purchases, and/or for the payment of tips and/or fees for delivery and/or pickup services.

84. As a result of Defendant's false advertising, Plaintiff and the members of the Class are entitled to monetary and compensatory damages, interest, and attorneys' fees and costs, as well as statutory damages of $500 per unit purchased pursuant to GBL § 350.

## RELIEF REQUESTED

85. Plaintiff, on behalf of himself and the members of the Class and Subclass, seek judgment as follows:

A. Certifying the Class and Subclass as requested herein, certifying Plaintiff as the representative of the Class and Subclass, and appointing Plaintiff's counsel as counsel for the Class and Subclass;

B. Ordering that Defendant is financially responsible for notifying all members of the Class and Subclass of the alleged misrepresentations and omissions set forth herein;

C. Awarding Plaintiff and the members of the Class and Subclass statutory damages or compensatory damages in an amount according to proof at trial;

D. Awarding interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

  E. Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

  F. Directing such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all matters so triable.

Dated: November 16, 2023

*/s/ James Kelly*
_____
The Law Office of James C. Kelly
244 5th Avenue, Suite K-278
New York, New York 10001
T: 212-920-5042
E: jkelly@jckellylaw.com

Anthony J. Russo, Jr., P.A.
d/b/a The Russo Firm
301 West Atlantic Avenue, Suite O-2
Delray Beach, FL 33444
T: 844-847-8300
E: anthony@therussofirm.com

*Counsel for plaintiff
and the proposed class*