# ALSTON & BIRD

1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7461

**Jason D. Rosenberg**  Direct Dial: **+1 404.881.7461**  Email: **jason.rosenberg@alston.com**

December 18, 2023

**VIA ECF**

Hon. Nusrat J. Choudhury
U.S District Court for the
Eastern District of New York
United States Courthouse
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722

Re: *Alongis v. Arby's Restaurant Group, Inc.*, No. 2:23-cv-06593-NJC-LGD – Defendant's Request for a Pre-Motion Conference

Dear Hon. Nusrat J. Choudhury:

On behalf of Arby's Restaurant Group, Inc. ("Arby's"), we write to request a pre-motion conference in the above-referenced case under Paragraph 5.1.2 of your Honor's Individual Rules for Civil and Criminal Cases regarding Arby's intended motion to dismiss the First Amended Complaint ("FAC") (Dkt. 16) under Rules 12(b)(6) and 12(b)(1).

This is a putative class action challenging advertising and in-restaurant menu boards depicting Arby's sandwiches. Plaintiff's central allegation is that his personal expectations were not met when he purchased an Arby's Double Beef 'N Cheddar sandwich and Smokehouse Brisket sandwich from an Arby's franchise restaurant. *See* FAC ¶¶ 18-26. Specifically, Plaintiff claims that, after viewing depictions of the two sandwiches on an Arby's-branded website and in-person on the menu board at an Arby's franchise restaurant, he expected the two sandwiches to contain more meat and cooked to a different temperature than what he received. *Id.* Plaintiff brings two claims for violations of New York's General Business Law §§ 349 and 350 ("GBL Claims"). He also raises claims against five other sandwiches than the two he purchased and for online- and app-based-purchases that he did not make. *See id.* ¶¶ 1, 38.

## I. Plaintiff Fails to State a Claim Under N.Y. Gen. Bus. Law Sections 349 and 350 Because No Reasonable Consumer Would Be Misled by the Alleged Arby's Advertisements

Plaintiff's GBL Claims are governed by the reasonable consumer standard. To state a cognizable claim under this standard, Plaintiff must show that the advertisements were "likely to mislead a *reasonable* consumer acting reasonably under the circumstances." *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (emphasis added). This is an objective standard. *See id.*

Alston & Bird LLP  www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Applying this objective test, Plaintiff's claims that Arby's purportedly engaged in deceptive conduct fail as a matter of law. Recently, the Sixth Circuit aptly observed that a that a scenario strikingly similar to Plaintiff's allegations does not—and could not—deceive a reasonable consumer:

> Think, for instance, of the reasonable consumer at the fast-food drive-through. Does he expect that the hamburger he receives at the window will look just like the one pictured on the menu? ***Of course not. He knows that puffery is a fact of life***.

*Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 271 (6th Cir. 2018) (emphasis added).

Courts in the Second Circuit agree that reasonable consumers simply are not deceived by these kinds of quick service restaurant ads. Notably, the Eastern District of New York dismissed with prejudice same kinds of allegations challenging the depictions of Wendy's and McDonald's burgers. *Chimienti v. Wendy's Int'l, LLC*, --- F. Supp. 3d ---, No. 22-CV-02880 (HG), 2023 WL 6385346, at *7 (E.D.N.Y. Sep. 30, 2023). The court also denied the plaintiff leave to amend his complaint because any possible amendment would not alter the conclusion that the burger representations did not deceive reasonable consumers or that the defendants' "advertisements make no measurable representations about the amount of toppings customers will receive." *Id.* at *9; *see also Brown v. Kellogg Sales Co.*, No. 1:20-cv-07283-ALC, 2022 WL 992627, at *4 (S.D.N.Y. Mar. 31, 2022) (dismissing complaint because depictions of strawberries and use of red filling did not deceive consumers about the amount of strawberries in toaster pastries).

These decisions and clear authority in the Second Circuit demonstrate that no reasonable consumer would be misled by the challenged advertising. Reasonable consumers "do[] not lack common sense," *Daniel v. Mondelez Int'l*, 287 F. Supp. 3d 177, 193 (E.D.N.Y. 2018), and they understand that the visual representations of quick service restaurants' products are created in studios by marketing teams—not in the fast-paced kitchen environment in which their sandwich is being assembled when they order from an Arby's restaurant during the lunch hour. *See also Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) ("[T]he Products are marketed as grab-and-go products that can be consumed in hand, without the need for a fork and knife. A reasonable consumer purchasing one of the Products from Dunkin Donuts in that context would not be misled into thinking she was purchasing an 'unadulterated piece of meat.'").

Because Plaintiff cannot point to an actionable representation or plausibly allege that reasonable consumers are deceived, Plaintiff's FAC fails in its entirety.

II. **Plaintiff's GBL Claims Fail for Additional, Independent Reasons**

Plaintiff's FAC also should be dismissed because he does not—and cannot—adequately allege the essential elements of his GBL Claims. ***First***, Plaintiff fails to plead that he suffered "actual or pecuniary harm that is separate and apart from the alleged deception itself." *Wright v. Publrs. Clearing House, Inc.*, 439 F. Supp. 3d 102, 113 (E.D.N.Y. 2020). For instance, Plaintiff's allegations that he would not have purchased the sandwiches do not allege a cognizable injury. *See, e.g.*, *id.* at 114 (dismissing similar allegations "as a matter of course"). Similarly, Plaintiff's conclusory allegations that he paid more for his sandwiches than he should have cannot adequately show that he suffered an injury or ascertainable loss at the motion to dismiss stage. *See, e.g.*, *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-cv-04697 (CM), 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016)

("Simply because Plaintiffs here recite the word 'premium' multiple times in their Complaint does not make Plaintiffs' injury any more cognizable.").

***Second***, Plaintiff cannot establish the element of causation for products that he did not purchase or for third-party websites he did not use to make his purchases. Plaintiff alleges he purchased only two sandwiches at an Arby's restaurant after allegedly viewing images of those sandwiches on an Arby's website and on the in-restaurant menu board. But the FAC challenges 5 ***other*** Arby's sandwiches and purported purchases of unidentified consumers made online and through third-party mobile delivery sites. Because Plaintiff does not allege that he saw or relied on any of this other conduct, his claims challenging them fail as a matter of law. *See, e.g.*, *Chimienti*, 2023 WL 6385346, at *3 & n.2 ("Courts within the Second Circuit therefore regularly dismiss GBL claims brought by plaintiffs who did not allege that they ever saw the advertisements that they claimed were misleading before purchasing the advertised products from defendants.") (collecting cases).

III. **Plaintiff Lacks Article III Standing to Pursue Claims Against Conduct that He Did Not Experience or to Pursue Injunctive Relief**

***First***, Plaintiff lacks standing to challenge any conduct stemming from the alleged purchases of Arby's sandwiches made either online or through mobile delivery site. The FAC alleges only that Plaintiff bought two Arby's sandwiches **in-person** from an Arby's restaurant. FAC ¶¶ 18-19. Plaintiff never alleges that he purchased his two sandwiches through a website or any mobile delivery site. *Id.* ¶¶ 37, 38. Courts dismiss class claims at the pleading stage when, as here, the named plaintiff did not experience the same conduct or suffer the same injury as the class members he seeks to represent. *Curtis v. Aetna Life Ins. Co.*, 648 F. Supp. 3d 358, 371 (D. Conn. 2023) (citing *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012). Plaintiff thus lacks standing to bring claims based on other unidentified consumers' supposed experiences.

***Second***, Plaintiff lacks standing to pursue injunctive relief because he cannot establish that he is at risk of an "actual and imminent" injury. *Kurtz v. Costco Wholesale Corp.*, 818 F. App'x 57, 61 (2d Cir. 2020) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Absent a stated intention to purchase the sandwiches in the future, Plaintiff has not demonstrated that he has standing to pursue injunctive relief. *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 256 (E.D.N.Y. 2014). And even if Plaintiff had sufficiently pled such an intent, he cannot seek injunctive relief because there is no danger that he will be "deceived" again now that he is aware of the alleged "misrepresentations." *See, e.g.*, *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 339 (E.D.N.Y. 2018); *Berni v. Barilla S.P.A.*, 964 F.3d 141, 147 (2d Cir. 2020). He therefore lacks standing to seek an injunction.

Respectfully Submitted,

*/s/ Jason D. Rosenberg*

Jason Rosenberg

cc: Counsel of Record (via email)