# *The Law Office of James C. Kelly*

*244 5th Avenue, Suite K-278*

*New York, New York 10001*

*Phone: (212) 920 5042*
*www.jckellylaw.com*
*jkelly@jckellylaw.com*

December 29, 2023

*VIA ECF*

The Honorable Nusrat J. Choudhury, U.S.D.J.
United States District Court
Eastern District of New York
United States Courthouse
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722

> **Re:** ***Alongis v. Arby's Restaurant Group, Inc., No. 2:23-cv-06593-NJC-LGD –***
> ***Plaintiff's Response to Defendant's Request for a Pre-Motion Conference***

Dear Hon. Nusrat J. Choudhury:

I represent plaintiff in the above captioned class action matter pending before Your Honor. Plaintiff hereby submits the following in response to Arby's Restaurant Group, Inc.'s ("Arby's") letter to Your Honor, dated December 18, 2023, requesting a pre-motion conference for a motion to dismiss.

In this matter, Arby's was identified as materially misstating the amount of meat in advertisements for several products for sale to the public by, at a minimum, double, or 100% more, than the amount that is contained in the actual products received by consumers. The products at issue are the Arby's Classic Roast Beef, Double Roast Beef, Half Pound Roast Beef, Classic Beef 'N Cheddar, Double Beef 'N Cheddar, Half Pound Beef 'N Cheddar, and Smokehouse Brisket menu items sold at Arby's locations in the state of New York (the "Products"). Arby's was also identified as materially misstating the quality of the roast beef in its sandwhiches by falsely representing that its sandwhiches contained rare roast beef when the sandwiches did not contain rare roast beef. Plaintiff has identified the actual uniform advertisements at issue for the Products in the First Amended Class Action Complaint and provided an example of the actual products received from consumers in the marketplace. (ECF No. 16, ¶¶ 5-9.)

Arby's argues that plaintiff failed to show that a reasonable consumer could be misled by the challenged practices. However, as the Second Circuit has held, "[t]o state a claim for false advertising or deceptive business practices under New York…law, a plaintiff must plausibly allege that the deceptive conduct was 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (citation omitted). Here, because plaintiff has plausibly alleged that the Products contained, at a minimum, double the meat than as explicitly advertised and did not contain rare roast beef, the advertisements are likely to mislead a reasonable consumer acting reasonably under the circumstances. Indeed, in a statement after this lawsuit was filed, Arby's spokesperson stated that

Hon. Nusrat J. Choudhury
December 29, 2023
Page 2

"[i]t is important to note that promotional images are stylized for visual appeal and may not depict the exact portion size…[and that]…Arby' s assures customers that they are continuously working to improve the transparency of their marketing materials." *See* https://original.newsbreak.com/@dicle-belul-1599662/3159771531861-arby-s-sued-over-meat-quality.

Just recently, in a similar case in the United States District Court, Southern District of Florida, Judge Roy Altman, in addressing reasonable consumers, stated:

> We won't lightly suppose that a proprietor can offer to sell you a certain amount of food at a specified price only to provide you with less food for the same price. Nor will we simply assume that most reasonable people would take lying down this incongruity between the amount of sustenance they were promised and the amount of sustenance they got. We'll agree with Burger King (of course) that most reasonable people would be unfazed by, say, a one-percent disparity between the amount of food they were offered and the amount they ultimately received—just as (we would think) Burger King would concede that a fifty-percent delta between what was promised and what was sold would probably vex most reasonable consumers. In our case, the Plaintiffs allege, for instance, that "[a] side-by-side comparison of Burger King's former Whopper advertisement to the current Whopper advertisement shows that the burger increased in size by approximately 35% and the amount of beef increased by more than 100%," without any concomitant increase in the actual size of the burgers. Amended Complaint ¶¶ 8–9. Who are we to decide whether such a seemingly substantial difference between what was promised and what was sold was (or was not) enough to alter the purchasing preferences of reasonable American consumers? Far better, it seems to us, to leave that determination to the consumers themselves, who—if the case survives that far—will get to sit in the jury box and tell us what reasonable people think on the subject.

> *See Coleman v. Burger King Corp.*, No. 22-cv-20925, 2023 U.S. Dist. LEXIS 149735 (S.D. Fla. Aug. 23, 2023).

Although Arby's argues that *Chimienti v. Wendy's Int'l, LLC*, No. 22-CV-02880 (HG), 2023 U.S. Dist. LEXIS 176535 (E.D.N.Y. Sep. 30, 2023), is applicable here, it is distinguished. In *Chimienti v. Wendy's Int'l, LLC*, the plaintiff alleged that the burger patties were inflated in advertisements by as low as only 15%, which was at the lower end of the scale of materiality. *See* https://petapixel.com/2023/10/03/mcdonalds-and-wendys-win-lawsuit-over-size-of-burgers-in-ad-photos/. Here, plaintiffs plausibly alleged that the advertisements inflated the meat by, at a minimum, double the amount, that is 100%. (ECF No. 16, ¶¶ 3, 5-10, 25, 27, 56, 62, 65, 72, 79, 82.) The other cases cited by defendant are also distinguished. In *Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 271 (6th Cir. 2018), the court stated that consumers would not expect the pictures on the drive through menu to look exactly like the menu item received. However, plaintiff is not arguing that the sandwhiches he purchased at Arby's did not look exactly as presented. Similarly, *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492 (2d Cir. 2020), did not concern the amount of food being promised in advertisements. In *Dunkin*, the plaintiffs alleged that they expected their angus steak sandwiches to contain an unadulterated cut of angus steak, but, as the court found, the Dunkin' Donuts' advertisements "clearly depict the 'steak' in the Products as a beef patty." *Id*. at 501-502. *Brown v. Kellogg Sales Co.*, No. 1:20-cv-07283-ALC, 2022 WL 992627, at *4

Hon. Nusrat J. Choudhury
December 29, 2023
Page 3

(S.D.N.Y. Mar. 31, 2022), concerned the source of the strawberry flavored ingredient filling and not an explicit photographic representation of the actual product.

Plaintiff has also adequately pled an injury under GBL § 349 and § 350. The Second Circuit has held that, to plead a GBL § 349 and § 350 injury, "plaintiff must allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase." *See Orlander v. Staples, Inc.*, 802 F. 3d 289, 302 (2d Cir. 2015). Here, plaintiff has pled that he and the class members "received less than what they bargained and/or paid for." (ECF No. 16, ¶¶ 64, 81.) The price premium case, *Wright v. Publrs. Clearing House, Inc.*, 439 F. Supp. 3d 102, 115 (E.D.N.Y. 2020), cited by defendant, is inapplicable and also distinguished as the alleged damages resulted from "Plaintiffs' subjective estimations of their chances of winning a sweepstakes." *See Anderson v. Unilever United States, Inc.*, 2022 WL 2181575, at *18-19 (S.D.N.Y. June 16, 2022) (collecting cases and distinguishing *Wright* as containing boilerplate and conclusory allegations).

Arby's argues that plaintiff lacks Article III standing to assert claims for the menu items that he did not purchase. However, several district courts within the Second Circuit have concluded that putative class-action plaintiffs have standing at the pleading stage to assert consumer-protection claims relating to products they themselves did not purchase when two conditions are met: 1) the products are substantially similar to the products that they did purchase; and 2) the alleged misrepresentation is the same. *See, e.g., de Lacour v. Colgate-Palmolive Co.*, 338 F.R.D. 324, 335 (S.D.N.Y. 2021); *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F.Supp.3d 261, 277 (E.D.N.Y. 2021); *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 544 (E.D.N.Y. 2017); *Buonasera v. Honest Co., Inc.*, 208 F.Supp.3d 555, 563 (S.D.N.Y. 2016). Here, all of the Products are substantially similar and the alleged misrepresentation, that Arby's advertises said menu items as containing, at a minimum, double the amount of meat that is contained in the actual product, are the same. Further, with respect to the roast beef sandwich menu items, the photographic representations that they contain rare roast beef are the same.

Arby's argument that plaintiff lacks standing to pursue injunctive relief is also misplaced. It is up to the Court to consider whether the public interest weighs in favor of granting an injunction. In making such a determination, a district court has broad discretion. *See Grand River Enter. Six Nations, Ltd. V. Pryor*, 481 F3d. 60, 66 (2d Cir. 2007) (district courts have "wide discretion in determining whether to issue a preliminary injunction."); *Ackerman v. Coca-Cola Co.*, 2013 U.S. Dist. LEXIS 184232, 56-58, 2013 WL 7044866 (E.D.N.Y. July 17, 2013) (collecting cases for the proposition that plaintiff still has standing to seek injunctive relief because to hold otherwise would allow for unsuspecting consumers to continue to be damaged).

To the extent the Court is inclined to dismiss any of plaintiff's claims, plaintiff respectfully requests that the Court do so without prejudice and permit plaintiff leave to file an amended complaint under Rule 15 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

James C. Kelly

cc: all counsel of record *via* ECF