**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH ALONGIS, on behalf of himself and all others similarly situated,<br><br>                            Plaintiff,<br><br>v.<br><br>ARBY'S RESTAURANT GROUP, INC.,<br><br>                            Defendant. | Case No. 2:23-cv-06593-NJC-LGD<br><br>Hon. Nusrat J. Choudhury<br><br><br>**ARBY'S RESTAURANT GROUP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT** |

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................ 2

III.   LEGAL STANDARD......................................................................................... 4

IV.   ARGUMENT AND CITATION TO AUTHORITY .......................................... 4

    A.    Plaintiff Does Not Plausibly Allege that Reasonable Consumers Would Be Misled by the Advertisements........................................................................................ 5

         1.    The Images of the Sandwiches Constitute Nonactionable Puffery............. 5

         2.    The Images of the Sandwiches Could Not Deceive Reasonable Consumers ................................................................................................... 7

         3.    Plaintiff's Anecdotal Allegations Are Speculative and Meaningless ....... 11

    B.    Plaintiff's Claims Independently Fail to State a Claim Upon Which Relief Can Be Granted............................................................................................................ 13

         1.    Plaintiff's GBL Claims Fail for the Additional Reason that He Cannot Adequately Allege Actual Damages, Actual Injury, or Ascertainable Loss ................................................................................................... 14

         2.    Plaintiff's GBL Claims Fail Because He Cannot Adequately Allege Causation (a) for Products He Did Not Purchase or (b) for Alleged Conduct On Websites He Did Not Purchase From................................... 16

    C.    Plaintiff Lacks Article III Standing to Assert Claims Related to Conduct He Did Not Experience or to Seek Injunctive Relief ....................................................... 19

         1.    Plaintiff Lacks Standing to Pursue Claims for Sandwiches He Did Not Purchase ................................................................................................... 19

         2.    Plaintiff Lacks Standing to Pursue Claims Challenging Putative Class Members' Online or Mobile App Purchases ............................................ 21

         3.    Plaintiff Lacks Standing to Seek Injunctive Relief.................................. 22

    D.    Plaintiff Should Be Denied Leave to Amend the First Amended Complaint a Second Time ................................................................................................... 24

V.    CONCLUSION................................................................................................. 25

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ackerman v. Coca-Cola Co.*,
    No. 09 CV 395(DLI)(RML), 2013 WL 7044866 (E.D.N.Y. July 18, 2013)...........................16

*Allee v. Medrano*,
    416 U.S. 802 (1974) *superseded by statute as stated in Turner Broad. Sys. v. FCC*,
    810 F. Supp. 1308 (D.D.C. 1992) ..............................................................................................19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................................4

*Baines v. Nature's Bounty (NY), Inc.*,
    No. 23-710, 2023 WL 8538172 (2d Cir. Dec. 11, 2023) ............................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................................4

*Berni v. Barilla S.P.A.*,
    964 F.3d 141 (2d Cir. 2020).................................................................................................22, 23

*Bibicheff v. PayPal, Inc.*,
    844 F. App'x 394 (2d Cir. 2021) ..............................................................................................18

*Brown v. Kellogg Sales Co.*,
    No. 1:20-cv-07283-ALC, 2022 WL 992627 (S.D.N.Y. Mar. 31, 2022) ................8, 10, 13, 22

*Brown v. Kerry Inc.*,
    No. 20-CV-9730 (PGG) (JLC), 2021 WL 5446007 (S.D.N.Y. Nov. 22, 2021)......................6

*Cacchillo v. Insmed, Inc.*,
    638 F.3d 401 (2d Cir. 2011).....................................................................................................19

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care,
    L.L.C.*,
    433 F.3d 181 (2d Cir. 2005).....................................................................................................19

*Chimienti v. Wendy's Int'l, LLC*,
    --- F. Supp. 3d ---, No. 22-CV-02880 (HG), 2023 WL 6385346 (E.D.N.Y. Sept. 30,
    2023) ................................................................................................................................ passim

*Chufen Chen v. Dunkin' Brands, Inc.*,
    954 F.3d 492 (2d Cir. 2020)....................................................................................... passim

*Chung v. Igloo Prods. Corp.*,
    No. 20-CV-4926 (MKB), 2022 WL 2657350 (E.D.N.Y. July 8, 2022) ................................15

*Colella v. Atkins Nutritionals, Inc.*,
    348 F. Supp. 3d 120 (E.D.N.Y. 2018) ................................................................15

*Curtis v. Aetna Life Ins. Co.*,
    648 F. Supp. 3d 358 (D. Conn. 2023) ..........................................................21, 22

*Daniel v. Mondelez Int'l*,
    287 F. Supp. 3d 177 (E.D.N.Y. 2018) ..................................................................9

*Davis v. Conn. Dep't of Corr.*,
    169 F. Supp. 3d 311 (D. Conn. 2016) ..........................................................21, 22

*Davis v. Hain Celestial Grp., Inc.*,
    297 F. Supp. 3d 327 (E.D.N.Y. 2018) ................................................................23

*Derbaremdiker v. Applebee's Int'l, Inc.*,
    No. 12-cv-01058, 2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012), *aff'd*, 519 F. App'x
    77 (2d Cir. 2013) ................................................................................14, 15, 16

*DiMuro v. Clinique Labs, LLC*,
    572 F. App'x 27 (2d Cir. 2014) ........................................................................20

*Dwyer v. Allbirds, Inc.*,
    598 F. Supp. 3d 137 (S.D.N.Y. 2022) ..................................................................6

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) .......................................................................5, 12

*Elkind v. Revlon Consumer Prods. Corp.*,
    No. 14-2484, 2015 WL 2344134 (E.D.N.Y. May 14, 2015) ..................................24

*Evans v. Taco Bell Corp.*,
    No. 04-cv-103-JD, 2005 WL 2333841 (D.N.H. Sept. 23, 2005)............................11

*Faulkner v. Beer*,
    463 F.3d 130 (2d Cir. 2006)............................................................................11

*Fermin v. Pfizer Inc.*,
    215 F. Supp. 3d 209 (E.D.N.Y. 2016) ..................................................................5

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013)........................................................................5, 14

*Fink v. Time Warner Cable*,
    810 F. Supp. 2d 633 (S.D.N.Y. 2011)..................................................................6

*Fish v. Tom's of Maine, Inc.*,
    --- F. Supp. 3d ---, No. 6:23-cv-110, 2023 WL 8530341 (N.D.N.Y. Dec. 8, 2023)...............13

*Fraker v. KFC Corp.*,
    No. 06cv1284 JM(WMc), 2006 WL 8430934 (S.D. Cal. Oct. 19 2006) ...........................7, 11

*Gale v. Int'l Bus. Machs. Corp.*,
    9 A.D.3d 446 (2d Dep't 2004) ........................................................................................17

*Geffner v. Coca-Cola Co.*,
    928 F.3d 198 (2d Cir. 2019)..............................................................................................6

*Gordon v. Target Corp.*,
    No. 20-9589, 2022 WL 836773 (S.D.N.Y. Mar. 18, 2022)..................................................3

*Grossman v. GEICO Cas. Co.*,
    No. 21-2789-cv, 2022 WL 1656593 (2d Cir. May 25, 2022).................................................17

*Harris v. McDonald's Corp.*,
    No. 20-cv-06533-RS, 2021 WL 2172833 (N.D. Cal. Mar. 24, 2021) .......................................9

*Hart v. BHH, LLC*,
    2016 WL 2642228 (S.D.N.Y. May 5, 2016) ........................................................................20

*Hidalgo v. Johnson & Johnson Consumer Cos.*,
    148 F. Supp. 3d 285 (S.D.N.Y. 2015)................................................................................23

*Holve v. McCormick & Co.*,
    334 F. Supp. 3d 535 (W.D.N.Y. 2018)................................................................................19

*In re GM LLC Ignition Switch Litig.*,
    No. 14-MC-2543 (JMF), 2016 WL 3920353 (S.D.N.Y. July 15, 2016) ..........................21, 22

*In re Subway Footlong Sandwich Mktg. & Sales Practices Litig.*,
    869 F.3d 551 (7th Cir. 2017) ...........................................................................................12

*Izquierdo v. Mondelez Int'l, Inc.*,
    No. 16-cv-04697 (CM), 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016)...........................15, 16

*Jackson v. Dole Packaged Foods, LLC*,
    648 F. Supp. 3d 1039 (S.D. Ill. 2022)................................................................................20

*Jessani v. Monini N. Am., Inc.*,
    744 F. App'x 18 (2d Cir. 2018) .....................................................................................5, 13

*Kurtz v. Costco Wholesale Corp.*,
    818 F. App'x 57 (2d Cir. 2020) .........................................................................................23

*Kyszenia v. Ricoh USA, Inc.*,
    583 F. Supp. 3d 350 (E.D.N.Y. 2022) ...................................................................14

*Lee v. Mondelez Int'l, Inc.*,
    637 F. Supp. 3d 116 (S.D.N.Y. 2022)....................................................................13

*Lugones v. Pete & Gerry's Organic, LLC*,
    440 F. Supp. 3d 226 (S.D.N.Y. 2020)....................................................................16

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)................................................................................................19

*Martelli v. Rite Aid Corp.*,
    No. 21-cv-10079 (PMH), 2023 WL 2058620 (S.D.N.Y. Feb. 16, 2023) ..........14, 15

*Merryman v. J.P. Morgan Chase Bank, N.A.*,
    No. 15-CV-9188 (VEC), 2016 WL 5477776 (S.D.N.Y. Sept. 29, 2016).................22

*Morrison v. Barcel USA, LLC*,
    No. 18CV 531 (VB), 2019 WL 95477 (S.D.N.Y. Jan. 2, 2019)...............................23

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*,
    898 F.3d 243 (2d Cir. 2018)....................................................................................24

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
    693 F.3d 145 (2d Cir. 2012)...............................................................................20, 21

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016)....................................................................................22

*Pizza Hut, Inc. v. Papa John's Int'l*,
    227 F.3d 489 (5th Cir. 2000) ....................................................................................7

*Red v. Kraft Foods, Inc.*,
    No. CV 10-1028-GW(AGRx), 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012).......10

*S.A.R.L. Navarra v. Marlborough Gallery, Inc.*,
    No. 10-cv-7547 (BSJ) (RLE), 2012 WL 13210272 (S.D.N.Y. Apr. 4, 2012) ..........4

*Small v. Lorillard Tobacco Co.*,
    252 A.D.2d 1 (1st Dep't 1998), *aff'd*, 94 N.Y.2d 43 (1999) ............................15, 16

*Smith v. Adidas Am., Inc.*,
    --- F. Supp. 3d ---, No. 6:22-cv-788 (BKS/ML), 2023 WL 5672576 (N.D.N.Y. Sept.
    1, 2023) ....................................................................................................................11

*Solak v. Hain Celestial Grp., Inc.*,
    No. 3:17-CV-0704, 2018 WL 1870474 (N.D.N.Y. Apr. 17, 2018)......................6, 7

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ................................................................4, 19

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009) .........................................................................23

*Tomasino v. Estee Lauder Cos.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) ..............................................23

*Turk v. Rubbermaid Inc.*,
    No. 21-cv-270, 2022 WL 836894 (S.D.N.Y. Mar. 21, 2022)................18

*Vivar v. Apple Inc.*,
    No. 22-Civ.-0347 (VM), 2022 WL 4227309 (S.D.N.Y. Sept. 12, 2022) ...............14

*Wallace v. Ahearn*,
    No. CV13–2520 (SJF)(WDW), 2014 WL 4659307 (E.D.N.Y. July 15, 2014)...........19

*Warren v. Coca-Cola Co.*,
    No. 22-CV-6907 (CS), 2023 WL 3055196 (S.D.N.Y. Apr. 21, 2023) ..........10, 12

*Winston v. Hershey Co.*,
    No. 19-cv-3735, 2020 WL 8025385 (E.D.N.Y. Oct. 26, 2020) ...............12

*Wright v. Publishers Clearing House, Inc.*,
    439 F. Supp. 3d 102 (E.D.N.Y. 2020) .............................................13, 14, 15, 16

*Wysong Corp. v. APN, Inc.*,
    889 F.3d 267 (6th Cir. 2018) ....................................................... passim

*Zachmann v. Coleman Co.*,
    No. 20-cv-9146, 2022 WL 161480 (S.D.N.Y. Jan. 18, 2022) ...............18

**RULES**

Fed. R. Civ. P. 12(b)(6)............................................................4, 24

Fed. R. Civ. P. 15(a)(2).......................................................................24

## I.    <u>INTRODUCTION</u>

About 36.6% of American adults—nearly 95 million consumers—consume fast food on ***any given day***.[1] Every day, these 95 million consumers glance at the menus of their preferred quick service restaurant and place an order for whatever item that strikes their fancy. When those 95 million consumers pull around to the drive-through window or walk up to the counter, they are given and accept a product that is prepared in a quick-service environment and packaged for quick consumption. Are they deceived if that product is presented differently than the professionally-staged photograph on a menu? Of course not.

Answering this question, the Court of Appeals for the Sixth Circuit wrote:

> Think, for instance, of the reasonable consumer at the fast-food drive-through. Does he expect that the hamburger he receives at the window will look just like the one pictured on the menu? Of course not. He knows that puffery is a fact of life.

*Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 271 (6th Cir. 2018). Time and again, courts have rejected the notion that consumers may leave their reason at home and pursue litigation that disregards the everyday experiences of hundreds of millions of consumers across the country. *See, e.g.*, *Chimienti v. Wendy's Int'l, LLC*, --- F. Supp. 3d ---, No. 22-CV-02880 (HG), 2023 WL 6385346, at *7 (E.D.N.Y. Sept. 30, 2023) (dismissing analogous allegations that McDonald's and Wendy's misrepresented the size and amount of toppings on their burgers); *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) ("[T]he Products are marketed as grab-and-go products that can be consumed in hand, without the need for a fork and knife. A reasonable consumer purchasing one of the Products from Dunkin Donuts in that context would not be misled into thinking she was purchasing an 'unadulterated piece of meat.'").

---

[1] *See* Cheryl D. Fryar et al., *Fast Food Consumption Among Adults in the United States, 2013-2016*, CDC (Oct. 2018), https://www.cdc.gov/nchs/products/databriefs/db322.htm (last visited Feb. 6, 2024).

One consumer, Plaintiff Joseph Alongis ("Plaintiff"), nevertheless maintains that he was deceived. He claims that he was disappointed when a Double Beef 'N Cheddar sandwich and a Smokehouse Brisket sandwich he purchased from an Arby's franchise did not look identical to the professionally photographed images he viewed on the menu. Instead of returning his sandwiches for a refund, Plaintiff elected to litigate his personal dissatisfaction in federal court and sued Defendant Arby's Restaurant Group, Inc. ("Arby's").

Plaintiff's personal dissatisfaction and subjective expectations, however, cannot provide a basis for this suit. Notably, the Eastern District recently rejected a strikingly similar suit brought by the same counsel who represents Plaintiff here. *See Chimienti*, 2023 WL 6385346, at *7. Like in *Chimienti*, Plaintiff's subjective expectations do not stack up against the reasonable consumer standard or the experiences of 95 million other consumers who consume similar quick service products every single day. Plaintiff's claims thus fail in their entirety because Plaintiff cannot adequately allege that Arby's made an actionable misrepresentation or engaged in any deceptive conduct. And although this failure is fatal to all of Plaintiff's claims, Plaintiff's causes of action and requested relief also fail for the additional, independent reasons below.

In short, Plaintiff's allegations fail to state a plausible claim for relief, and the Court should dismiss the Amended Complaint in its entirety and with prejudice.

## II.     **BACKGROUND**

Plaintiff asserts that on August 3, 2023, he purchased two sandwiches—a Double Beef 'N Cheddar sandwich and a Smokehouse Brisket sandwich (the "Sandwiches")—from an Arby's franchise located in Bellmore, New York. *See* First Am. Compl., (Dkt. 16) ("FAC") ¶¶ 18-19. Plaintiff claims that prior to his purchase he viewed both the Arby's in-store menu board and the Arby's website and saw the following "advertisements" for the Sandwiches:



Double Beef 'N Cheddar          Smokehouse Brisket

*See id.* ¶¶ 7, 9, 20-24. True and correct copies of an Arby's menu board and the product pages for each of the Arby's Slow Roasted Beef sandwiches on the Arby's website is attached hereto as **Exhibit A** (menu board) and **Exhibits B** through **H** (product pages for Arby's Slow Roasted Beef Sandwiches).[2]

**Nowhere**, however, do these "advertisements" state how much roast beef is in the Sandwiches or at what temperature they will be cooked at. Nor does Plaintiff claim that the sandwiches depicted in these advertisements use more meat than in the Sandwiches he purchased.

Utterly disregarding what the "advertisements" do—and do not—say, Plaintiff claims that the Sandwiches he purchased did not live up to his expectations. He claims the Sandwiches contained "less than half of the amount of meat than he expected" and that the color of the roast beef in his Double Beef 'N Cheddar sandwich was different than what he expected. *See* FAC ¶¶ 25-26. Plaintiff then uses these subjective expectations to claim that Arby's made "materially false and misleading advertisements about the amount and quality of meat" for **all** of its slow roasted beef sandwiches. *See id.* ¶ 2. Plaintiff raises two claims for violations of N.Y. Gen. Bus. Law section 349 and section 350 ("GBL Claims") and seeks to certify a class of New York consumers

---

[2] The Court may take judicial notice of the menu board and the Arby's website because they are incorporated by reference into the First Amended Complaint. *See, e.g.*, *Gordon v. Target Corp.*, No. 20-9589, 2022 WL 836773, at *1-4 (S.D.N.Y. Mar. 18, 2022).

who purchased Arby's slow roasted beef sandwiches in-person.[3] *Id.* ¶ 39.

## III.  LEGAL STANDARD

In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. A claim is plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Chimienti*, 2023 WL 6385346, at *2 (quoting *Iqbal*, 556 U.S. at 678). Conclusory allegations, unwarranted deductions of facts or "[l]egal conclusions masquerading as facts" will not prevent dismissal. *See S.A.R.L. Navarra v. Marlborough Gallery, Inc.*, No. 10-cv-7547 (BSJ) (RLE), 2012 WL 13210272, at *2 (S.D.N.Y. Apr. 4, 2012) (citing *Twombly*, 550 U.S. at 556-57). Additionally, in response to a 12(b)(1) motion to dismiss for lack of standing, Plaintiff bears the burden of establishing each element. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

## IV.  ARGUMENT AND CITATION TO AUTHORITY

The Court should dismiss Plaintiff's claims in their entirety with prejudice because: (1) Plaintiff does not plausibly allege that the Arby's advertising is deceptive or that Arby's engaged in any deceptive conduct; (2) Plaintiff fails to adequately plead the essential elements of his NY-

---

[3] Plaintiff also seeks to bring claims that stray far from his own experiences. First, beyond his two Sandwiches, Plaintiff seeks to challenge five ***other*** Arby's sandwiches (Classic Roast Beef, the Double Roast Beef, the Half Pound Roast Beef, the Classic Beef 'N Cheddar, and the Half Pound Beef 'N Cheddar), none of which Plaintiff claims he purchased. *See* FAC ¶¶ 2-5. Second, Plaintiff sidesteps his own in-person purchases in seeking to certify a second class of New Yorkers who purchased the sandwiches ***from*** Arbys.com or mobile delivery sites like Ubereats.com, Grubhub.com, Seamless.com, and/or Doordash.com (none of which Plaintiff used to purchase the Sandwiches). *See id.* ¶¶ 18-19, 38.

GBL claims; and (3) Plaintiff lacks standing to pursue claims against conduct he did not experience or to pursue injunctive relief.

## A. Plaintiff Does Not Plausibly Allege that Reasonable Consumers Would Be Misled by the Advertisements

To state a viable claim, Plaintiff must demonstrate (among other things) that Arby's engaged in conduct that would mislead a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013); *Baines v. Nature's Bounty (NY), Inc.*, No. 23-710, 2023 WL 8538172, at *2 (2d Cir. Dec. 11, 2023). "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Chen*, 954 F.3d at 500 (2d Cir. 2020) (quoting *Fink*, 714 F.3d at 741). "Accordingly, plaintiffs must do more than plausibly allege that a 'label might conceivably be misunderstood by some few consumers.'" *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). Plaintiff must instead plausibly allege "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* To state a viable claim, the alleged deception must be "probable, not just possible." *Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 211 (E.D.N.Y. 2016).

Here, Plaintiff's claims all fail as a matter of law because he has not and cannot adequately allege that reasonable consumers are likely to be deceived by images of the Sandwiches on the in-restaurant menu boards or on the Arby's website.

### 1. The Images of the Sandwiches Constitute Nonactionable Puffery

The menu board and website images of the Arby's sandwiches are classic examples of nonactionable puffery. Courts in the Second Circuit "have determined as a matter of law that 'generalized or exaggerated statements which a reasonable consumer would not interpret as a factual claim upon which he could rely' cannot give rise to consumer protection claims under New

York law." *See Solak v. Hain Celestial Grp., Inc.*, No. 3:17-CV-0704 (LEK/DEP), 2018 WL 1870474, at *6 (N.D.N.Y. Apr. 17, 2018) (quoting *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011)). In fact, the Sixth Circuit used this exact situation as an example of a clear case of classic puffery:

> [R]easonable consumers know that marketing involves some level of exaggeration—what the law calls "puffery." . . . Think, for instance, of the reasonable consumer at the fast-food drive-through. Does he expect that the hamburger he receives at the window will look just like the one pictured on the menu? Of course not. He knows that puffery is a fact of life.

*Wysong Corp.*, 889 F.3d at 271.

The Court should reach the same conclusion here. ***First***, the images of the Sandwiches are exactly the kind of "vague, non-specific, and generalized statement[s]" upon which no reasonable consumer would rely. *See Solak*, 2018 WL 1870474, at *6. Indeed, the images make "no explicit claims as to any of the [Sandwiches'] specific characteristics." *Id.*; *see Geffner v. Coca-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019) (affirming dismissal of GBL claims based on visual presentation of product because "[t]he use of physically fit and attractive models using and enjoying advertised products is so ubiquitous that it cannot be reasonably understood to convey any specific meaning at all"); *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 153-54 (S.D.N.Y. 2022) (holding that defendant's "depictions of happy sheep in pastoral settings, [we]re classic puffery" because they made no objective claims about defendant's wool harvesting practices); *Brown v. Kerry Inc.*, No. 20-CV-9730 (PGG) (JLC), 2021 WL 5446007, at *5 (S.D.N.Y. Nov. 22, 2021) (dismissing phrase "Slightly Sweet" as puffery because "it provides no objective measurement or indication of the amount of sugar in the product, and refers instead to a subjective claim about the Product's level of sweetness that cannot be proven either true or false"), *R. & R. adopted*, 2022 WL 669880

(S.D.N.Y. Mar. 7, 2022). Therefore, there is no factual claim that could sustain Plaintiff's allegations.

**Second**, context confirms that the images of the Sandwiches are nonactionable puffery. *Solak*, 2018 WL 1870474, at *6. "[R]easonable consumers know that marketing involves some level of exaggeration—what the law calls 'puffery.'" *Wysong Corp.*, 889 F.3d at 271. They therefore "cannot be interpreted on [their] own as a factual representation upon which a consumer might rely." *Solak*, 2018 WL 1870474, at *6; *see also Pizza Hut, Inc. v. Papa John's Int'l*, 227 F.3d 489, 498 (5th Cir. 2000) (holding that "Better Ingredients. Better Pizza." for a national quick delivery pizza chain "epitomizes the exaggerated advertising, blustering, and boasting by a manufacturer upon which no reasonable consumer would reasonably rely"). This conclusion is only reinforced when "the challenged practice seems to be industry standard," such as the quick service restaurant industry that sees nearly 95 million consumers per day. *Wysong Corp.*, 889 F.3d at 271; *see also Chen*, 954 F.3d at 501 (observing that reasonable consumers could not be misled into believing the products were an "unadulterated piece of meat" when they were marketed as "grab-and-go products that can be consumed in hand, without the need for a fork and knife"); *Fraker v. KFC Corp.*, No. 06cv1284 JM(WMc), 2006 WL 8430934, at *3 (S.D. Cal. Oct. 19, 2006) (phrases like "highest quality ingredients, innovative recipes, and time-tested cooking methods," and "best food" in quick service fried chicken restaurant are not specific, measurable claims). Thus, no reasonable consumer would even rely on the menu board and website images of the Arby's sandwiches.

2. <u>The Images of the Sandwiches Could Not Deceive Reasonable Consumers</u>

Even setting puffery aside, the menu board and website images of the Sandwiches would not deceive reasonable consumers about the amount of meat in the sandwiches or the temperature

to which the meat is cooked. Recently, the Eastern District of New York dismissed analogous allegations challenging the depictions of Wendy's and McDonald's burgers because they could not deceive reasonable consumers. *See generally Chimienti*, 2023 WL 6385346. The court observed that the plaintiff did ***not*** allege that the defendants used "more meat in their advertisements than they serve in their stores" and that without an affirmative representation about the ***amount*** of toppings used on the burgers, the plaintiff's "apparent dissatisfaction" with them failed to state a claim. *Id.* at *4-7. The court in *Chimienti* dismissed the complaint with prejudice because any possible amendment would not alter the conclusions that the depictions of the burgers could not deceive reasonable consumers and that the "advertisements make no measurable representations about the amount of toppings customers will receive." *Id.* at *9. Similarly, the court in *Wurtzburger v. Kentucky Fried Chicken* flatly rejected the plaintiff's claim that she expected to "receive more chicken" simply because she saw an advertisement displaying a bucket overflowing with chicken. No. 16-cv-08186 (NSR), 2017 WL 6416296, at *3 (S.D.N.Y. Dec. 13, 2017). The allegations, reasoned the court, were both "inconsistent" and "lack[ed] reason," and it held that the advertising was not "materially deceptive or misleading to a reasonable consumer acting reasonably under the circumstances." *Id.* (cleaned up); *see also Brown v. Kellogg Sales Co.*, No. 1:20-cv-07283-ALC, 2022 WL 992627, at *4 (S.D.N.Y. Mar. 31, 2022) (in dismissing complaint, concluding that that depictions of strawberries and red filling did not deceive consumers about the amount of strawberries in toaster pastries).

Like the failed allegations in *Chimienti*, *Wurtzburger*, and *Kellogg Sales*, Plaintiff challenges advertising that makes no affirmative misrepresentation. The Arby's advertising and in-restaurant menu boards do not claim to have more meat or to be cooked to a different temperature than the two Sandwiches Plaintiff received. Nor does Plaintiff allege that the

sandwiches depicted in the advertising contained ***more*** meat than the two that he purchased. Instead, Plaintiff alleges that he merely looked at the advertising and concluded that the Sandwiches should have contained more meat and been cooked to a different temperature. *See* FAC ¶¶ 23-26. These allegations about Plaintiff's "personally preferred amount" of meat and his resulting "apparent dissatisfaction" fail to state a claim for relief. *Chimienti*, 2023 WL 6385346, at *7; *Wurtzburger*, 2017 WL 6416296, at *3.

Context also confirms that reasonable consumers are not misled. *See Chen*, 954 F.3d at 501 ("[T]his Court has repeatedly observed that in determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial.") (internal quotation marks omitted). Reasonable consumers "do[] not lack common sense," *Daniel v. Mondelez Int'l*, 287 F. Supp. 3d 177, 193 (E.D.N.Y. 2018), and they understand that advertising for quick service restaurant products are professionally shot in studios—not captured in the fast-paced kitchen environment following an order during the lunch hour rush. Indeed, the Second Circuit cited this very context to reject the plaintiff's allegations that an "Angus Steak & Egg Breakfast Sandwich" falsely represented the product contained an intact strip of steak. *Chen*, 954 F.3d 492. It observed that, "[a]s the television advertisements themselves demonstrate, the Products are marketed as grab-and-go products that can be consumed in hand, without the need for a fork and knife"—far from the sort of context that could convince a reasonable consumer that she was "purchasing an 'unadulterated piece of meat.'" *Id.* at 501. Applying similar reasoning, the court in *Chimienti* observed that presenting "appetizing images" of food products in a quick service restaurant setting is "no different than other companies' use of visually appealing images to foster positive associations with their products" that constitute "immaterial puffery." 2023 WL 6385346, at *4; *see also Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 2172833, at *2 n.1 (N.D.

Cal. Mar. 24, 2021) (observing that the context of a quick service restaurant setting undermined the plaintiff's contentions that the defendant's ice cream cone represented anything more than that it is vanilla flavored).

It follows that reasonable consumers also understand that marketing images are made without the time constraints of serving hot food to hungry customers but are instead taken by professional food stylists using high-quality photography. *See, e.g.*, *Warren v. Coca-Cola Co.*, No. 22-CV-6907 (CS), 2023 WL 3055196, at *4-7 (S.D.N.Y. Apr. 21, 2023) (rejecting the plaintiff's allegations that she thought a hard seltzer margarita product contained tequila, observing that "had she lived in New York for any length of time, she would know that cocktails containing hard liquor are not and cannot be sold in grocery stores"); *Kellogg Sales Co.*, 2022 WL 992627, at *4 ("No reasonable consumer would see the entire product label, reading the words '*Frosted* Strawberry Pop-Tarts' next to a picture of a toaster pastry coated in frosting, and reasonably expect that fresh strawberries would be the sole ingredient in the Product.") (emphasis in original); *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW(AGRx), 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (observing that a reasonable consumer "will be familiar with the fact[s] of life").[4] There is no deception here, and the Court should dismiss Plaintiffs' First Amended Complaint in full.

---

[4] Plaintiff's claim that he expected his Double Beef 'N Cheddar sandwich to contain rare roast beef is even further afield. That reasonable consumers purchasing a sandwich for $7.69 plus tax at a quick service restaurant (FAC ¶ 18) would be misled into thinking they were purchasing "rare roast beef" is not plausible. *See e.g.*, *Chen*, 954 F.3d at 500-01 (affirming dismissal where challenged ads "clearly depict the 'steak' . . . as a beef patty" and as such, no reasonable consumer would believe that the $2–$4 menu items would contain an "unadulterated piece of meat"); *Wysong Corp.*, 889 F.3d at 271 ("And surely a reasonable consumer could understand the Defendants' packaging as indicating the *type of animal* from which the food was made (*e.g.*, chicken) but not the precise *cut* used (*e.g.*, chicken breast)."); *Warren*, 2023 WL 3055196, at *7 (citing the $1.50 price tag to reject the allegations that the plaintiff believed she had purchased a product containing tequila). At best, Plaintiff alleges that by purchasing a sandwich with "fully cooked roast beef," he received a sandwich that is materially *safer* than one with "rare roast beef," *not* one that is "materially lower in value." FAC ¶ 26.

### 3. Plaintiff's Anecdotal Allegations Are Speculative and Meaningless

Plaintiff's allegations about an alleged corporate "statement," YouTubers' purported experiences, and Plaintiff's own subjective expectations cannot salvage his claims:

**Alleged Corporate Statement**. Plaintiff alleges that a purported Arby's "statement to Newsbreak" supports his claims of deception, but this so-called "statement" neither is credible nor lends any legitimacy to Plaintiff's allegations. FAC ¶ 17 (citing "Arby's Sued Over Meat Quality," Newsbreak, https://original.newsbreak.com/@dicle-belul-1599662/3159771531861-arby-s-sued-over-meatquality (Sept. 16, 2023), attached hereto as **Exhibit I**). ***First***, this "statement" is hardly the kind that could dispel doubts about its "authenticity or accuracy." *See Smith v. Adidas Am., Inc.*, --- F. Supp. 3d ---, No. 6:22-cv-788 (BKS/ML), 2023 WL 5672576, at *3 (N.D.N.Y. Sept. 1, 2023) (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)). It is found on a "news" aggregator site, written by a self-described "content creator," and does not even purport to quote the alleged Arby's spokesperson who supposedly gave the "statement." Ex. I; *see Smith*, 2023 WL 5672576, at *3 (declining to consider materials cited in the complaint because it must be "clear" that "no dispute exists regarding the authenticity or accuracy of the document").

***Second***, even if the "statement" could be attributed to Arby's, it amounts to nothing more than an aspirational statement that cannot render Plaintiff's interpretation plausible. *See* FAC ¶ 17 ("It is important to note that promotional images are stylized for visual appeal and may not depict the exact portion size . . . [and that] . . . Arby' s assures customers that they are continuously working to improve the transparency of their marketing materials."); *see also Fraker*, 2006 WL 8430934, at *3 (concluding that the statements, "We still take pride in doing things The Colonel's way, utilizing only the highest quality ingredients, innovative recipes, and time-tested cooking methods" and that KFC provides the "best food" were nonactionable puffery); *Evans v. Taco Bell*

*Corp.*, No. 04-cv-103-JD, 2005 WL 2333841, at *12 n.19 (D.N.H. Sept. 23, 2005) (concluding that the statement "we take great pride and care to provide you with the best food and dining experience in the quick service restaurant business" was puffery). Plaintiff complains that "Arby's fails to adequately notify consumers that its promotional images may not depict exact portion size," FAC ¶ 17, but the aspirational Newsbreak "statement" merely confirms what people already know—the precise dimensions of a sandwich prepared in a quick service restaurant will vary. *See Wysong Corp.*, 889 F.3d at 271; *Chimienti*, 2023 WL 6385346, at *7; *In re Subway Footlong Sandwich Mktg. & Sales Practices Litig.*, 869 F.3d 551, 556-57 (7th Cir. 2017) (dismissing proposed settlement because "customers know . . . [that 'Subway will never be able to guarantee that each loaf of bread will always be exactly 12 inches or greater in length after baking'] as a matter of common sense"). Courts have needed far less to conclude that a plaintiff's claimed interpretations are unreasonable and contrary to the experience of reasonable consumers. *See, e.g., id.*; *see also Warren*, 2023 WL 3055196, at *4-7 (reasonable consumers recognize that hard seltzers are "distinct from cocktails like margaritas"); *Ebner*, 838 F.3d at 965 (reasonable consumers know the "general mechanics of [lip balm] dispenser tubes").

**Alleged YouTube Accounts.** Plaintiff's references to YouTuber accounts similarly fail to demonstrate that reasonable consumers are misled. *See Chimienti*, 2023 WL 6385346, at *5 ("The fact that Plaintiff's complaint quotes various social media personalities who complained about the size and quality of Defendants' products does not change this result."); *Winston v. Hershey Co.*, No. 19-cv-3735, 2020 WL 8025385, at *4 (E.D.N.Y. Oct. 26, 2020) (dismissing GBL claim and rejecting the plaintiff's reliance on "a handful of third-party vendors and a journalist who erroneously identified [defendant's] product").

As an initial matter, Plaintiff does not claim that these YouTubers share **his** expectations about the Sandwiches. Nor can he. One YouTuber using the handle "theendorsement" **praised** an Arby's 5 for $5 promotion, saying he would not hesitate purchasing Arby's roast beef sandwiches under this promotion: "I would have done that. All day." *See* FAC ¶ 5 (citing https://youtu.be/osS-ojaa0Jk?t=100 (at 1:50)). More fundamentally, Plaintiff does not suggest that any of these YouTube videos capture the views of reasonable consumers. Plaintiff "must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers." *Jessani*, 744 F. App'x at 19; *see Lee v. Mondelez Int'l, Inc.*, 637 F. Supp. 3d 116, 137 (S.D.N.Y. 2022) (rejecting reliance on print media and blogs because the plaintiff did not "connect them to the understanding of the reasonable consumer"); *Fish v. Tom's of Maine, Inc.*, --- F. Supp. 3d ---, No. 6:23-cv-110, 2023 WL 8530341, at *3 (N.D.N.Y. Dec. 8, 2023) (rejecting the plaintiff's reliance on "his own misconceptions, 'consumers' generally, and a review left by" an Amazon customer).

Ultimately, Plaintiff is left with his own subjective expectations about the quantity and temperature of the meat in the Sandwiches, which do not—and cannot—state a viable claim for deception. *See, e.g.*, *Kellogg Sales Co.*, 2022 WL 992627, at *5; *Chimienti*, 2023 WL 6385346, at *7; *Fish*, 2023 WL 8530341, at *3; *see also Wright v. Publishers Clearing House, Inc.*, 439 F. Supp. 3d 102, 114 (E.D.N.Y. 2020) ("Plaintiffs cannot recover under Section 349 for purely subjective dissatisfaction with the products they received."). Plaintiff's claims should be dismissed in their entirety.

## B. Plaintiff's Claims Independently Fail to State a Claim Upon Which Relief Can Be Granted

As explained above, the First Amended Complaint should be dismissed in its entirety because Plaintiff challenges representations that do not—and cannot—mislead a reasonable

consumer. *See, e.g., Fink*, 714 F.3d at 742 (affirming dismissal of NY-GBL claims because plaintiff's claims lacked the facial plausibility necessary to survive a motion to dismiss); *Chimienti*, 2023 WL 6385346, at *3-7; *Vivar v. Apple Inc.*, No. 22-Civ.-0347 (VM), 2022 WL 4227309, at *5-6 (S.D.N.Y. Sept. 12, 2022) (dismissing NY-GBL claims because the pleadings failed to persuade the court that defendant made any false or misleading representations). Moreover, the Court should dismiss Plaintiff's two-count Complaint because he independently fails to adequately allege the essential elements of his GBL claims:

  1. Plaintiff's GBL Claims Fail for the Additional Reason that He Cannot Adequately Allege Actual Damages, Actual Injury, or Ascertainable Loss

NY-GBL Sections 349 and 350 both require Plaintiff to plead an "ascertainable loss," "actual injury," or "actual damages" by adequately alleging that he did not receive the benefit of his bargain or that he paid a price premium. *See Martelli v. Rite Aid Corp.*, No. 21-cv-10079 (PMH), 2023 WL 2058620, at *3-4 (S.D.N.Y. Feb. 16, 2023) (a plaintiff must allege that, on account of a materially misleading practice, "she purchased a product and did not receive the full value of her purchase" or "paid more for the product than . . . she would have paid"). To do so, Plaintiff must allege that he suffered "actual or pecuniary harm that is separate and apart from the alleged deception itself." *Wright*, 439 F. Supp. 3d at 113; *Derbaremdiker v. Applebee's Int'l, Inc.*, No. 12-cv-01058, 2012 WL 4482057, at *7 (E.D.N.Y. Sept. 26, 2012), *aff'd*, 519 F. App'x 77 (2d Cir. 2013).

Here, however, Plaintiff's conclusory allegations that he would not have purchased the Sandwiches do not—and cannot—plausibly allege a cognizable injury. *Compare* FAC ¶¶ 27, 28, *with, e.g., Wright*, 439 F. Supp. 3d at 114 (dismissing substantially identical allegations "as a matter of course"); *Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350, 363 (E.D.N.Y. 2022) (stating that to claim that the plaintiff would not have bought the product absent the defendant's deception

is not enough to show a cognizable injury under GBL). Indeed, New York federal courts consistently hold that allegations of deception alone do "not suffice to plead injury, because a plaintiff may have received the benefit of the bargain despite the alleged misrepresentation." *Martelli,* 2023 WL 2058620, at *3. Similarly, Plaintiff cannot bring a GBL claim "for purely subjective dissatisfaction with the products they received." *Wright*, 439 F. Supp. 3d at 114 ("[P]laintiffs' subsequent regret about their purchasing decisions, while understandable, is simply not actionable.") (quoting *Small v. Lorillard Tobacco Co.*, 252 A.D.2d 1, 8 (1st Dep't 1998), *aff'd*, 94 N.Y.2d 43 (1999)).

Plaintiff's boilerplate price premium allegations also fail to adequately allege ascertainable loss. *See* FAC ¶¶ 27-28, 64, 81. There is no "semblance of facts illustrating that the Plaintiffs in fact paid such a premium, such as, the products they purchased or the actual value of those products." *See Wright*, 439 F. Supp. 3d at 114. Plaintiff must provide something more than threadbare allegations of a price premium, but Plaintiff has not pled facts demonstrating that he overpaid for the Sandwiches, or paid more than he otherwise would have, because of the alleged in-store menu images.[5] *See, e.g.*, *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-cv-04697 (CM), 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016) (allegation that plaintiffs "were financially injured after purchasing the Candy and receiving less Candy than they believed they bargained for" did not plead injury under GBL Section 349); *Derbaremdiker*, 2012 WL 4482057, at *7 (allegation that plaintiff "received less than the represented value" because he "believed his odds of winning a prize . . . was higher than his actual odds" failed under Section 349); *Chung v. Igloo Prods.*

---

[5] Although Plaintiff will likely argue that he is not specifically required to identify the prices of other products at the pleading stage, courts have held otherwise. *See, e.g., Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) ("[P]laintiff only conclusorily asserts that Atkins Nutritionals charges a premium for its products and provides no facts regarding what the premium was, what price he paid for the products, or the price of non-premium products.").

*Corp.*, No. 20-CV-4926 (MKB), 2022 WL 2657350, at *10 (E.D.N.Y. July 8, 2022) (concluding that the plaintiffs' allegation that they "would not have paid a premium price for the Product and would have purchased other, less expensive coolers is an unsupported conclusory statement and is insufficient to plead ascertainable loss based on price differences"). Merely repeating conclusory allegations does not make them any more plausible. *See Izquierdo*, 2016 WL 6459832, at *7 ("Simply because Plaintiffs here recite the word 'premium' multiple times in their Complaint does not make Plaintiffs' injury any more cognizable.").

Simply put, Plaintiff alleges that the two Arby's Sandwiches he bought "failed to live up to [his] individual expectations" that they would be larger. *See Wright*, 439 F. Supp. 3d at 115. Such allegations fail to allege a cognizable injury to sustain his GBL claims. *See, e.g.*, *id.*; *Derbaremdiker*, 2012 WL 4482057, at *7. Plaintiff's GBL Claims, therefore, fail in their entirety.

      2.  <u>Plaintiff's GBL Claims Fail Because He Cannot Adequately Allege Causation (a) for Products He Did Not Purchase or (b) for Alleged Conduct On Websites He Did Not Purchase From</u>

Under the NY-GBL, a claim for deceptive practices or false advertising "requires [facts illustrating] a causal connection" between the alleged injury and the alleged misrepresentation. *Small*, 252 A.D.2d at 15. Accordingly, to properly allege causation, a plaintiff "must allege that they saw the misleading statements of which they complain before they purchased or came into possession of" the product. *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 240 (S.D.N.Y. 2020). Causation cannot be shown where an objectively reasonable person would not be deceived, *see Ackerman v. Coca-Cola Co.*, No. 09 CV 395(DLI)(RML), 2013 WL 7044866, at *19 (E.D.N.Y. July 18, 2013), and here no reasonable person could be misled. *See supra* IV.A.

More fundamentally, Plaintiff does not even allege that he saw or relied on the bulk of the conduct he challenges. As the court in *Chimienti* observed, if "a plaintiff is challenging a

misleading advertisement," he *must* allege that he saw the advertising before he purchased the defendant's product. 2023 WL 6385346, at *3. Courts in the Second Circuit—*Chimienti* included—thus consistently "dismiss GBL claims brought by plaintiffs who did not allege that they ever saw the advertisements that they claimed were misleading before purchasing the advertised products from defendants." *Id.* Here, however, Plaintiff alleges only that: (a) he bought a Double Beef 'N Cheddar sandwich and a Smokehouse Brisket sandwich at an Arby's location; and (b) prior to those in-person purchases, he purportedly relied on depictions of those two Sandwiches on Arby's website and on the in-store menu board. *See* FAC ¶¶ 18-22. He does *not* allege that he purchased any of the other *five* products challenged in the Amended Complaint (Arby's Classic Roast Beef, Double Roast Beef, Half Pound Roast Beef, Classic Beef 'N Cheddar, and Half Pound Beef 'N Cheddar sandwiches), that he saw or relied on the depictions of those five other sandwiches, or that he made any of his purchases online or through a mobile delivery site (like Arbys.com, Ubereats.com, Grubhub.com, Seamless.com, or Doordash.com). *See id.* Without any basis to tie Plaintiff to a purchase of these five other products or through any online purchases, Plaintiff cannot establish causation to sustain his claims.

Indeed, confronting similar allegations, the Eastern District observed that if "a plaintiff is challenging a misleading advertisement, he must therefore allege that 'he saw any of these statements before he purchased' the defendant's product." *Chimienti*, 2023 WL 6385346, at *3 (quoting *Gale v. Int'l Bus. Machs. Corp.*, 9 A.D.3d 446, 477 (2d Dep't 2004)). The court concluded that the plaintiff "failed to allege the injury necessary to maintain his GBL claims because his complaint did not allege that he saw the specific advertisements that he asserts were misleading." *Id.*; *see also Grossman v. GEICO Cas. Co.*, No. 21-2789-cv, 2022 WL 1656593, at *3 (2d Cir. May 25, 2022) (affirming dismissal of GBL claims based on allegedly misleading statements on

defendant's website because "[p]laintiffs d[id] not allege that they saw [defendant's] advertisements" or even "that they ever visited" the website prior to transacting business with defendant); *Bibicheff v. PayPal, Inc.*, 844 F. App'x 394, 396 (2d Cir. 2021) (affirming dismissal of GBL claims for failure to allege injury because plaintiff did not allege that she saw allegedly misleading statements on defendant's website "until after the fraudulent activity and resulting harm had occurred").

The situation is the same here. ***First***, because Plaintiff does not allege that saw or relied on any advertisement or depiction of the Arby's Classic Roast Beef, Double Roast Beef, Half Pound Roast Beef, Classic Beef 'N Cheddar, and Half Pound Beef 'N Cheddar sandwiches, he cannot plausibly allege an injury necessary to sustain his GBL claims against these five other Arby's sandwiches. ***Second***, and similarly, because the FAC contains no allegation that Plaintiff used any mobile delivery site or the Arby's website to purchase any Arby's sandwiches, he cannot plausibly allege that he saw or relied on any purported representations on those sites and apps to sustain his GBL claims. *See, e.g.*, *Zachmann v. Coleman Co.*, No. 20-cv-9146, 2022 WL 161480, at *4 (S.D.N.Y. Jan. 18, 2022) ("[P]laintiffs' allegations are insufficient because although the plaintiffs cite particular misleading statements by defendant regarding the reliability of the coolers, they nowhere state in their complaint that they saw any of these statements before they purchased the coolers.") (cleaned up); *Turk v. Rubbermaid Inc.*, No. 21-cv-270, 2022 WL 836894, at *9 (S.D.N.Y. Mar. 21, 2022) (holding that plaintiffs failed to allege injury because "they failed to allege that they actually saw or were aware of the statements in question on the [p]roducts' labels before buying them" even though complaint included a conclusory allegation that plaintiffs "relied on representations on the [p]roduct[s] and on websites selling the [p]roducts").

**C.     Plaintiff Lacks Article III Standing to Assert Claims Related to Conduct He Did Not Experience or to Seek Injunctive Relief**

The jurisdiction of the federal courts extends only to actual cases or controversies. U.S. Const. art. III, § 2; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). Constitutional standing requires, at minimum, that Plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338. "[A] person cannot predicate standing on injury which he does not share," *Allee v. Medrano*, 416 U.S. 802, 828-29 (1974) *superseded by statute as stated in Turner Broad. Sys. v. FCC*, 810 F. Supp. 1308, 1313 (D.D.C. 1992), and standing cannot be acquired "through the back door of a class action[.]" *Wallace v. Ahearn*, No. CV13–2520 (SJF)(WDW), 2014 WL 4659307, at *9 (E.D.N.Y. July 15, 2014). Rather, "a plaintiff must demonstrate standing for each claim and form of relief sought." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011). Hence, plaintiffs "must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005).

1.  Plaintiff Lacks Standing to Pursue Claims for Sandwiches He Did Not Purchase

Plaintiff pleads that he only bought two Sandwiches: a Double Beef 'N Cheddar sandwich and a Smokehouse Brisket sandwich. FAC ¶¶ 18-19. Plaintiff does not allege he purchased a Classic Roast Beef, the Double Roast Beef, the Half Pound Roast Beef, the Classic Beef 'N Cheddar, and the Half Pound Beef 'N Cheddar, and thus does not plead facts capable of establishing that he suffered any injury that could confer standing with respect to those product groups. *Holve v. McCormick & Co.*, 334 F. Supp. 3d 535, 548 (W.D.N.Y. 2018) (dismissing claims

for lack of standing where the plaintiff failed to allege that other products caused her harm); *Jackson v. Dole Packaged Foods, LLC*, 648 F. Supp. 3d 1039, 1044 (S.D. Ill. 2022) (similar); *see also NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012) (standing requires that plaintiff plausibly allege "that [s]he personally has suffered some actual injury as a result of the putatively illegal conduct of the defendant") (cleaned up).

Courts in the Second Circuit dismiss claims against unpurchased products for lack of standing where, like here, those products "would not raise 'nearly identical' concerns to the claims of a purchaser[.]" *See, e.g.*, *Hart v. BHH, LLC*, 2016 WL 2642228, at *4 (S.D.N.Y. May 5, 2016) (denying standing because "unique evidence would be required to prove that Defendants' statements regarding both products were actually false or misleading"); *see also DiMuro v. Clinique Labs, LLC*, 572 F. App'x 27, 29 (2d Cir. 2014) (dismissing claims for lack of standing because products had "different ingredients" and "made different advertising claims").

Plaintiff challenges seven distinct products, each of which has distinct characteristics, ingredients, advertising, imagery, even caloric content displayed on the menu boards and on the Arby's website. *See generally* Exs. A through H. These facts weigh even more strongly in favor of dismissal than those in *Jackson*, where the court found that a plaintiff who purchased one of nine different Dole Fruit Bowl® Products—which she claimed were "substantially similar," and each contained "the identical representation 'in 100% fruit juice'"—lacked standing to pursue claims for the products she did not personally purchase. 648 F. Supp. 3d at 1043-44 (dismissing claims, despite acknowledging that the products were similar and sold "in similar packaging that use apparently highly similar (if not, identical) language that the Plaintiff claims to be deceptive"). Moreover, even if Plaintiff could argue that his claims challenge similar conduct from sandwich to sandwich, the "fact that [Plaintiff] and the purported class members were injured by 'similar'

conduct does not suffice to give [Plaintiff] standing, when the conduct complained of was not the same." *Davis v. Conn. Dep't of Corr.*, 169 F. Supp. 3d 311, 318 (D. Conn. 2016); *In re GM LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 3920353, at *41 (S.D.N.Y. July 15, 2016).

The Court, therefore, should dismiss Plaintiff's challenges against the Classic Roast Beef, the Double Roast Beef, the Half Pound Roast Beef, the Classic Beef 'N Cheddar, and the Half Pound Beef 'N Cheddar for lack of Article III standing.

> 2. <u>Plaintiff Lacks Standing to Pursue Claims Challenging Putative Class Members' Online or Mobile App Purchases</u>

Similarly, Plaintiff lacks Article III standing to challenge any conduct stemming from the alleged purchases of Arby's sandwiches made either online or through mobile delivery sites. *See* FAC ¶ 38. The First Amended Complaint is clear about Plaintiff's personal experience: he alleges that on August 3, 2023, he bought the two Arby's Sandwiches *in-person* from an Arby's restaurant located in Bellmore, New York. *Id.* ¶¶ 18-19. Although the Complaint makes a passing reference to online and mobile app purchases (Arbys.com, Ubereats.com, Grubhub.com, Seamless.com, and Doordash.com), Plaintiff never alleges that he made his purchases through a website or any mobile app. *See id.* ¶¶ 37, 38.

Article III requires much more for a plaintiff to bring class claims for conduct he did not experience. "When the nature of the claims is such that the proof required for the individual claims does not tend to prove the class claims, then the 'same set of concerns' is not implicated and a named plaintiff lacks class standing to litigate the class claims." *Curtis v. Aetna Life Ins. Co.*, 648 F. Supp. 3d 358, 368 (D. Conn. 2023) (citing *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012)). Accordingly, courts dismiss class claims at the pleading stage when, as here, the named plaintiff did not experience the same conduct or suffer

the same injury as the class members he seeks to represent. *Merryman v. J.P. Morgan Chase Bank, N.A.*, No. 15-CV-9188 (VEC), 2016 WL 5477776, at *13-15 (S.D.N.Y. Sept. 29, 2016) (plaintiff lacked standing as to putative class members who held depository receipts in which plaintiffs did not invest); *Curtis*, 648 F. Supp. 3d at 371 (concluding that the plaintiff lacked standing "because the allegedly unlawful conduct in his individual claim does not depend on the same proof as the conduct in the challenged class claims").

Even if the Court were to credit Plaintiff's bald assertions that the "same photographs" are displayed on these "food delivery service websites and mobile ordering applications," allegations of "similar conduct" again do "not suffice to give [Plaintiff] standing, when the conduct complained of was not the same." *Davis*, 169 F. Supp. 3d at 318; *In re GM LLC Ignition Switch Litig.*, 2016 WL 3920353, at *41. Without any allegations that he ever personally purchased the sandwiches online or through a third-party delivery app, Plaintiff lacks standing to bring claims based on other purchasers' supposed experiences.

### 3. Plaintiff Lacks Standing to Seek Injunctive Relief

"Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016); *see also Kellogg Sales Co.*, 2022 WL 992627, at *6 n.3 ("[T]he Second Circuit made clear that 'past purchasers of a product' are unlikely to suffer future imminent injury 'once they become aware that they have been deceived.' Now that [plaintiff] is aware of the alleged deception, he does not have standing to seek injunctive relief.") (quoting *Berni v. Barilla S.P.A.*, 964 F.3d 141, 147 (2d Cir. 2020)). Here, Plaintiff lacks Article III standing to pursue any injunctive relief because he does not face any risk of future harm.

**First**, Plaintiff lacks standing because he has not alleged that he intends to purchase any of the sandwiches again. *See Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 256 (E.D.N.Y. 2014) (concluding that a plaintiff "has not alleged a sufficient future injury to establish standing to assert her claims for injunctive relief because she has demonstrated that she is, in fact, unlikely to purchase [the] products again"). Absent a stated intention to purchase the sandwiches in the future, Plaintiff has simply not pleaded an injury that is "actual and imminent, not conjectural or hypothetical." *See Kurtz v. Costco Wholesale Corp.*, 818 F. App'x 57, 60-61 (2d Cir. 2020) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)); *Hidalgo v. Johnson & Johnson Consumer Cos.*, 148 F. Supp. 3d 285, 296 (S.D.N.Y. 2015).

**Second**, even if Plaintiff had pled that he intends to purchase the sandwiches again (which he has not), Plaintiff cannot seek injunctive relief because he is now aware of the alleged "misrepresentations" such that there is no danger that he will be "deceived" by them again. *See e.g.*, *Morrison v. Barcel USA, LLC*, No. 18 CV 531 (VB), 2019 WL 95477, at *2 (S.D.N.Y. Jan. 2, 2019) ("A plaintiff who concedes he is no longer likely to purchase a product because he knows of a defendant's alleged deception and false advertising does not have standing to enjoin the defendant's sales practices."); *Berni*, 964 F.3d at 147 ("[P]ast purchasers of a product . . . are not likely to encounter future harm of the kind that makes injunctive relief appropriate."). The next time Plaintiff bought a sandwich he would "be doing so with exactly the level of information that [he] claim[s] [he] was owed from the beginning." *See id.* at 148. Indeed, this District routinely dismisses claims for injunctive relief in food labeling action for this very reason. *See Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 339 (E.D.N.Y. 2018) ("To the extent that plaintiff was deceived by defendants' products, he is now aware of the truth and will not be harmed again in the

same way. He therefore lacks standing to seek an injunction."); *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-2484, 2015 WL 2344134, at *3-4 (E.D.N.Y. May 14, 2015).

Thus, Plaintiff does not and cannot allege a risk of future harm and lacks standing to seek injunctive relief on behalf of himself.

**D.     Plaintiff Should Be Denied Leave to Amend the First Amended Complaint a Second Time**

Leave to amend a complaint should be permitted only "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts do not grant a party leave to amend when they find that the "proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Chimienti*, 2023 WL 6385346, at *8. Indeed, in *Chimienti* the Eastern District concluded that an amendment would be futile because the defendants' "advertisements make no measurable representations about the amount of toppings customers will receive." *Id.* at *9. The same conclusion follows here: no amendment will change the reality that reasonable consumers are not deceived by Arby's advertising on in-store menu boards or on its website.

Moreover, shortly after the Eastern District issued its order in *Chimienti*, Plaintiff elected to amend his Complaint in an attempt to shore up the weaknesses identified in the *Chimienti* court's order. *See generally* FAC. Yet even with the benefit of this amendment, Plaintiff did nothing to fix any of the deficiencies that doomed the plaintiff's allegations in *Chimienti*. This failure alone is sufficient grounds to deny leave to amend. *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware 'of the deficiencies in his complaint when he first amended,' he 'clearly has no right to a second amendment . . . . Simply put, 'a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.'"). The Court should not allow Plaintiff a third bite at the apple.

## V. <u>CONCLUSION</u>

The everyday experiences of nearly 95 million consumers are definitive. Consumers are not misled by quick service restaurant marketing, and Plaintiff cannot plead around the reality that he challenges advertising and conduct that does not—and cannot—mislead a reasonable consumer. Arby's, therefore, requests that the Court dismiss the First Amended Complaint in its entirety and with prejudice.

Respectfully submitted this 13th day of February, 2024.


Respectfully submitted,

*/s/ Jason D. Rosenberg*
Elizabeth A. Buckel (E.D.N.Y. Bar No. EB1137)
elizabeth.buckel@alston.com
ALSTON & BIRD LLP
90 Park Ave.
New York, NY 10016
Phone: (212) 210-9400
Fax: (212) 210-9444

Jason D. Rosenberg (*pro hac vice*)
jason.rosenberg@alston.com
Andrew G. Phillips (*pro hac vice*)
andrew.phillips@alston.com
Alan F. Pryor (*pro hac vice*)
alan.pryor@alston.com
Katie H. Hall (*pro hac vice*)
katie.hall@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Phone: (404) 881-7000
Fax: (404) 881-7777

*Attorneys for Defendant Arby's Restaurant Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2024, I served the foregoing ARBY'S RESTAURANT GROUP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT on the following via electronic mail:

James Clayton Kelly
The Russo Firm
244 5th Avenue
Suite K-278
New York, NY 10001
917-444-2816
Email: jkelly@jckellylaw.com

_/s/ Alan F. Pryor_
Alan F. Pryor (*pro hac vice*)