# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Alongis,<br><br>        Plaintiff,<br><br>    -v-<br><br>Arby's Restaurant Group, Inc.,<br><br>        Defendant. | 2:23-cv-6593<br>(NJC) (LGD) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

 Plaintiff Joseph Alongis ("Alongis") brings this putative class action against Defendant Arby's Restaurant Group, Inc. ("Arby's"). (Am. Compl., ECF No. 16.) The Court has reviewed the Amended Complaint and has determined that Alongis has failed to establish whether this Court possesses jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), as codified in 28 U.S.C. § 1332(d). For the reasons set forth below, Alongis must show cause by **August 21, 2025**, in writing, with facts established by sworn affidavit, why this Court should not dismiss this action without prejudice for lack of subject matter jurisdiction.

## LEGAL STANDARDS

 This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record

does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted).

Jurisdiction under 28 U.S.C. §1332(d) requires a "class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, i.e., where at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing 28 U.S.C. §§ 1332(d)(2), (5)(b), (6)).

The party invoking CAFA jurisdiction must allege a class of 100 or more members, 28 U.S.C. § 1332(d), and must show "that it appears to a reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million," *Blockbuster, Inc.*, 472 F.3d at 58. In satisfying the burden to show that the amount-in-controversy requirement is satisfied, there is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Hart v. Rick's NY Cabaret Int'l, Inc.*, 967 F. Supp. 2d 955, 961 (S.D.N.Y. 2014) (citing *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir.2006)). Finally, the party invoking CAFA jurisdiction must show minimal diversity. 28 U.S.C. § 1332(d).

Determining whether there is minimal diversity requires assessing the citizenship of each party. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). "[F]or diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its

principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Van Buskirk*, 935 F.3d at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider factors including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

Allegations made "upon information and belief" are insufficient to establish a party's citizenship for purposes of diversity jurisdiction. *See Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18-cv-351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) (establishment of complete diversity of the parties requires affirmative statements of the identity and citizenship of all parties, and conclusory statements upon information and belief are insufficient); *see also Enteado v. Hi-Power Cycles, LLC*, 2016 U.S. Dist. LEXIS 28880, at *2 (D.N.J. 2016) ("Allegations made 'upon information and belief,' are insufficient to convince the Court that diversity exists between the parties.").

**DISCUSSION**

The Amended Complaint fails to plead sufficient facts to demonstrate that any of the requirements for diversity jurisdiction under CAFA are met.

First, the Amended Complaint begins with an explicit acknowledgement that all allegations in the pleading are made "upon personal knowledge as to himself and *upon information and belief* as to all other matters, . . . ." (Am. Compl. at 1 (emphasis added).) Accordingly, the Amended Complaint's allegations that Arby's "is a Delaware corporation, with its headquarters located in Atlanta, Georgia," that "[t]he matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [that] this is a class action in which the number of members of the proposed class is not less than 100," (Am. Compl. ¶ 30–31) are all made upon information and belief and are therefore insufficient to establish the requirements for CAFA jurisdiction. *Snyder Corp.*, 2018 WL 1428254 at *2; *Enteado*, 2016 U.S. Dist. LEXIS 28880 at *2. The Amended Complaint therefore fails to establish Arby's state of incorporation and principal place of business as required to show its citizenship, that there are 100 or more members of the proposed class, and that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See Bayerische Landesbank*, 692 F.3d at 48; *Blockbuster, Inc.*, 472 F.3d at 56, 58.

Second, the Amended Complaint also fails to establish the citizenship of Alongis because it alleges only that Alongis "is a resident of New York" and "is a citizen of the State of New York." (Am. Compl. ¶¶ 30–31.) These conclusory allegations amount to the claim that Alongis is a New York citizen based solely on her residence without addressing domicile. *See Van Buskirk*, 935 F.3d at 54 (holding that allegations of residency alone are insufficient to establish citizenship for diversity jurisdiction purposes).

**CONCLUSION**

For the reasons set forth above, Alongis must show cause by **August 21, 2025** in writing, through sworn affidavit, why this Court should not dismiss this case for lack of subject matter jurisdiction, without prejudice to filing in the proper forum.

If Alongis does not respond by **August 21, 2025**, or if Alongis's response does not show that the Court has subject matter jurisdiction over this action, the Amended Complaint will be dismissed for lack of subject matter jurisdiction.

Dated: Central Islip, New York
August 7, 2025

_/s/ Nusrat J. Choudhury_
NUSRAT J. CHOUDHURY
United States District Judge